Keller vs. The Town of Gilman.

Keller, Respondent, vs. The Town of Gilman, Appellant.

*March 13 — March 27, 1896.*

*Personal injuries: Evidence: Damages: Loss of services of wife: Imma-*
*terial errors.*

1. The question being as to the extent of an injury, all who have consorted with the injured person may testify as to facts within their observation as to his physical condition. Thus, in an action for injuries to plaintiff's wife, he and her mother were properly allowed to testify to her apparent physical condition after the accident and to her apparent ability to move about and to do lifting and ordinary housework.

2. Complaints or statements of an injured person as to his physical condition or feelings, which were not a part of the *res gestæ* and were not made to a physician for the purpose of treatment, but were made in answer to questions or were narrative in their nature, are not admissible in evidence.

3. In an action for injuries to plaintiff's wife by reason of which he lost her services, the question is as to the value of her services generally, and not what they were worth *to him.*

4. There being competent and uncontroverted evidence in such an action which would justify a larger verdict than the one given, the admission of narrative statements of the wife as to her feelings. and the allowance of a question as to the value of her services *to the plaintiff,* are *held* immaterial errors.

Keller vs. The Town of Gilman.

APPEAL from a judgment of the circuit court for Pierce county: E. B. BUNDY, Circuit Judge. *Affirmed.*

This is an action to recover damages resulting from an alleged defect in a highway in the defendant town. It appears that on the 1st of June, 1890, the plaintiff, with his wife, was riding along a highway in the defendant town, in a buggy drawn by a single horse. There was evidence tending to show that the traveled part of the highway contained deep gullies and large stones, by reason of which the buggy was tipped over and the horse became frightened and ran away, throwing out and seriously injuring the plaintiff's wife. There was also evidence tending to show that the plaintiff's wife was entirely incapacitated from labor for two weeks, and unable to do much work for six months, by reason of her injuries. The evidence showed, without dispute, that the buggy and harness were destroyed, the horse damaged, and that the plaintiff had been obliged to expend $25 for medical assistance for the treatment of his wife. The entire amount of these practically undisputed damages was $109. It was claimed on the part of the defendant that the highway was not defective, but that the accident happened by reason of the breaking of a part of the harness. There are no exceptions to the judge's charge contained in the bill of exceptions. The jury returned a verdict for the plaintiff for $172.50, and from judgment thereon the defendant has appealed.

For the appellant the cause was submitted on the brief of *W. F. McNally.*

For the respondent there was a brief by *Allan P. Weld* and *Bleekman, Bloomingdale, Reid & Bergh,* and oral argument by *Ray S. Reid.*

WINSLOW, J. The principal contention made by the defendant as a ground for reversal of this judgment is that evidence of the declarations and complaints made by the

injured woman to her mother and husband from time to time were erroneously received in evidence. The rules with regard to the reception of this class of evidence in cases where the extent of an injury is under investigation are quite well established. They may be briefly recapitulated as follows: *First.* The statements and declarations of a patient as to his pains and feelings, when made to a physician for the purpose of treatment, may be given in evidence. *Second.* Such statements are not admissible when made to an expert, after action brought, in order to enable him to testify as a witness at the trial. *Stone v. C., St. P., M. & O. R. Co.* 88 Wis. 98, and cases there cited. *Third.* All persons may testify as to facts within their observation as to the physical condition of another with whom they have consorted; for example, whether such person appeared to be in good or bad health, sick or well, suffering from pain or disease or enjoying health. *Wright v. Ft. Howard,* 60 Wis. 119; *Smalley v. Appleton,* 70 Wis. 344. *Fourth.* When bodily pain is in issue all persons may testify as to expressions, gestures, or exclamations indicating present pain, whether made at the time of the injury or afterwards. *McKeigue v. Janesville,* 68 Wis. 50. *Fifth.* Witnesses are not permitted to testify to complaints or statements of physical condition or feelings made by an injured person which were made in answer to a question, or which are narrative in their nature, and which are not a part of the *res gestæ. Tebo v. Augusta,* 90 Wis. 408.

At first sight, it might seem as if the last-above rule conflicts with the conclusions reached in *Bridge v. Oshkosh,* 71 Wis. 363. On page 367 of the opinion in that case it is said that "the admissibility of complaints made by the injured person, either to his attending physician *or others,* is clearly sustained by the following authorities." The cases which are then cited, however, do not justify the broad statement of the opinion. They are cases which lay down

the principle laid down in proposition fourth, *supra;* viz. that where the question of bodily pain is in issue the exclamations, expressions, and gestures and complaints of the injured person, which usually and naturally indicate a present existing pain, may be given in evidence, but that anything in the nature of narration or statement of symptoms is to be excluded. See a careful statement of the proposition in *Bacon v. Charlton*, 7 Cush. 581. This is undoubtedly the rule intended to be approved in *Bridge v. Oshkosh*, and it does not, when properly understood, conflict with either of the rules laid down.

In the light of these rules, there was very little of the testimony introduced in the present case which was incompetent. It is unnecessary to state the questions and answers in detail. It is sufficient to say that the husband and mother of the injured woman were allowed, against objection, to testify to the apparent physical condition of the woman after the accident, and to her apparent ability to move about and to do lifting and ordinary housework, for six months after the accident. All this was clearly admissible under the third rule above laid down.

There were two statements made by the mother which should have been excluded, under the fifth rule *supra*. They were to the effect that the injured woman said that when she laid down she was dizzy, and that she complained of her lungs hurting her, and her back, also. The admission of this evidence was error, as it seems to have been narration, rather than exclamations caused by present pain.

There was also error in allowing certain questions to be asked on the subject of the value of the wife's services. In these questions the inquiry was put to the husband as to how much her services were worth *to him*. This was, of course, a wrong test. The question was as to the value of her services generally, not their value to any particular person.

However, we do not regard either of these errors as work-

ing any prejudice, in any possible way, to the defendant. It stands as a verity in this case that the plaintiff suffered damages by reason of a defect in the highway and is entitled to recover therefor. He has recovered but $172.50, of which $109 was for pecuniary damages to property, and money outlay, which was undisputed, thus leaving but $63.50 for the value of his wife's services during six months that she was disabled. It was shown by competent and undisputed testimony that she was strong and healthy before the injury; that she was unable to do anything for two weeks, and could not do her ordinary housework for six months. There were competent questions and answers on the subject of damages from loss of service which would justify a larger verdict than the one given, and there was nothing to controvert them. In this situation we cannot regard the errors spoken of as in any way prejudicial, and hence they furnish no reason for reversal of the judgment.

The brief of the appellant is disrespectful to the trial court, and it will be stricken from the files, under Rule XXVII.

*By the Court.*— Judgment affirmed.