BREDLAU, Respondent, vs. TOWN OF YORK, Appellant.

*October 23—November 11, 1902.*

*Bridges: Injuries from defects: Town officers: Notice of defect: Special verdict: Court and jury: Evidence: Expressions of pain.*

1. In an action for personal injuries, one of the principal questions was whether there was in fact any disease or injury to plaintiff's liver existing at the time of the trial, and upon this question there was a direct conflict in the evidence. The court did not submit this question to the jury, but, in one of the questions submitted for special verdict, assumed the existence of such disease or injury. *Held*, error.

2. In an action against a town for injuries caused by the falling of a bridge by reason of decay of one of the timbers, it is *held* to have been error for the trial court to decide, as matter of law, that the officers of the town ought to have known of the defect.

3. In an action for personal injuries it was not error to permit plaintiff's daughter to testify that, three days after the accident, the plaintiff appeared to be in pain and uttered expressions indicating present pain, such expressions not being in reply to questions or narrative in their nature.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Reversed.*

This is an action to recover for personal injuries resulting from an accident upon a defective highway. The evidence shows that the plaintiff, a woman fifty-four years of age, was riding in a buggy upon a highway in the defendant town on the 13th day of August, 1899, with her husband and daughter, and that, while crossing a wooden bridge over a small stream, it suddenly gave way, precipitating the plaintiff about nine feet, to the bed of the stream; her fall being partially arrested by her clothing catching upon the timbers of the bridge. The attending physician testified that one rib was fractured, but that injury was soon recovered from. The evidence also tended to show that at the time of the trial the plaintiff was suffering from a permanent enlargement or displacement of the liver, and it was claimed that the same was

caused by the fall from the buggy. On the part of the defendant there was evidence tending to show that there was no injury to or disease of the liver, and, further, that if there was any such injury or disease it was not the result of the accident. A special verdict was rendered as follows:

"1. Was the bridge in question insufficient, and in want of repair, at the time of the accident? A. Yes. 2. If you answer the above question 'Yes,' then did the proper officers of the defendant town have actual knowledge of such insufficiency or want of repair a sufficient time before the accident to have remedied the same in the exercise of ordinary care? A. Yes. 3. If you answer the first question 'Yes,' then had the insufficiency or want of repair existed so long before the accident that the proper officers of the town could by the exercise of ordinary care and diligence have discovered such insufficiency and want of repair, and remedied the same? A. Yes. 4. Was the plaintiff injured by the accident in the falling of the bridge on August 13th, 1899? A. Yes. 5. Was the falling of the bridge the proximate cause of plaintiff's injuries? A. Yes. 5½. Was the accident at the bridge the proximate cause of the disease or injury to the plaintiff's liver, of which she complains? A. Yes. 6. If the plaintiff is entitled to recover, at what sum do you assess her damages? A. $3,500.00."

The defendant moved to set aside this verdict, and for a new trial, and also to strike out the affirmative answer to question No. 5½, and insert a negative answer; also to require the plaintiff to remit a part of the damages because the same were excessive. The court required the plaintiff to remit $1,000 from the damages, but denied the other motions, and, the plaintiff having made such remission, judgment was rendered on the verdict for the plaintiff for $2,500, and the defendant appeals.

For the appellant the cause was submitted on the brief of *L. M. Sturdevant.*

For the respondent there was a brief by *J. R. & C. R. Sturdevant,* and oral argument by *J. R. Sturdevant.*

WINSLOW, J.   A special verdict must cover all the con-troverted and material issues of fact in a case; otherwise, it will not be sufficient to sustain a judgment.   It is evident that the verdict before us does not do that.   The most serious questions in the case were whether there was in fact any dis-ease or injury to the plaintiff's liver existing at the time of the trial, and, if so, whether it was the result of the fall from the bridge.   Upon the first of these questions there was a di-rect conflict in the evidence.   The plaintiff's experts testified that it was enlarged and diseased, while the evidence of one of the experts sworn on behalf of the defendant was that there was no perceptible enlargement; that it hung slightly lower than its normal position, but that fact did not indicate any dis-ease of the liver.   So this question was directly in issue, and was very material, because it is evident that the larger part of the damages awarded by the jury must have been awarded on the theory of a permanent injury to the liver.   It could not, therefore, be assumed by the court that such a disease or injury existed, as was done in question No. $5\frac{1}{2}$.   It should have been submitted to the jury by a separate question, and the failure to submit it is prejudicial error.

There was manifest error, also, in the charge of the court upon the third question.   The principles of law applicable to this question are few and simple, and could easily have been given to the jury with clearness and brevity.   Town officers are required. to use reasonable and ordinary care in looking after the highways and bridges of the town, and this covers the duty of inspection of bridges and culverts which have been long in use and are liable to decay.   A failure to exer-cise this reasonable and ordinary care is a failure of duty, but it is only in extreme cases that the court can say that there has been a failure of duty in this regard.   It is ordi-narily a question for the jury.   In the present case, the court charged that

"If the bridge was defective and unsafe on account of decay of the timbers and considering the length of time the

bridge had been built *this condition ought to have been antici-
pated and known by the officers of the town, using ordinary
care and precaution."*

The evidence in this case showed beyond dispute that the
bridge went down on account of decay of what is called the
"swing beam." Bearing this fact in mind, the only reason-
able meaning which can be given to the foregoing instruc-
tion is that the court decides, as matter of law, in the present
case, that the officers of the town ought to have known of the
defect. It is true that the court immediately afterward told
the jury that if the unsafe condition had existed so long that,
if the officers had given the matter reasonable attention, they
must have discovered the defective condition, then they should
be held to have notice of the defect, and that, if such was the
situation here, then question No. 3 must be answered in the
affirmative. This latter instruction, however, can hardly be
said to remove the sting from the first instruction above given.
At best, the instructions seem to have been confused and con-
fusing, and we cannot say that the latter one must have cor-
rected the error in the former one, and that the jury could
not have been misled; it rather seems that the injury must
have been left in a painful state of uncertainty on the ques-
tion.

Error is claimed because the plaintiff's daughter was al-
lowed to testify as to expressions of pain uttered by her
mother while on her way home, three days after the accident;
also that her mother appeared to be in pain. It does not ap-
pear that these expressions were in reply to questions, or that
they were in any sense narrative in their nature, but they
seem to be mere expressions or remarks indicating present
pain. Under the rule laid down in *Keller v. Gilman,* 93
Wis. 9, 66 N. W. 800, there was no error in this ruling.

*By the Court.*—Judgment reversed, and action remanded
for a new trial.