HOMERDING (LUCILLE), Plaintiff and Respondent, vs. POSPYCHALLA and another, Defendants and Appellants: HOMERDING (THEODORE), Defendant and Respondent.

*May 16—June 21, 1938.*

*Chas. H. Avery* of Antigo, attorney, and *William A. Hayes* of Milwaukee of counsel, for the appellants.

For the respondents there was a brief by *Vernon J. Mc-Hale* of Antigo, attorney for Lucille Homerding, and *O'Melia & Kaye* of Rhinelander, attorneys for Theodore Homerding, and oral argument by *Mr. McHale* and *Mr. Earl J. Plantz* of Antigo.

FRITZ, J.    The plaintiff, Lucille Homerding, was injured upon the overturning of an automobile which was being operated by Theodore Homerding, her husband, and in which she and Lenore Hitz and Ray Kielhofer were passengers.    The automobile was swung around and overturned when its right rear spring was struck by the left front fender of an automobile operated by the defendant, Pospychalla, at the intersection of State Highway No. 45 and County Trunk Q in Oneida county.    For a considerable distance to the north and south of that intersection No. 45 is straight and level and has a concrete surface twenty feet wide, with a one-foot-wide apron along its west side at the intersection with "Q," which does not extend to the east of No. 45.    Both cars approached the intersection from the south.    No other cars were in sight.    Theodore Homerding intended to turn westward on "Q," and it is undisputed that when he was one hundred fifty feet south of the intersection and traveling at thirty to thirty-five miles per hour he started angling westward from the east lane across the marked center line.    He testified that when he was about to angle westward he put out his hand a second, and observed in his rear-view mirror that a car was following "maybe" two or three blocks behind him; but that while traveling the one hundred fifty feet to the intersection he made no further observation for traffic approaching from the rear.    He claims that he continued angling off to the west and that,

when he had reached the intersection and turned onto "Q" so that his front wheels and possibly also his left rear wheel were off the concrete, Pospychalla's car struck and whirled his car around to the northwest.

On the other hand, Pospychalla and his passengers, Clarence Prosser and Eugene Wallinger, deny that any one in Homerding's car had signaled by putting out a hand; and that Homerding continued angling westward, after he first began to do so, when he was one hundred fifty feet from the intersection. Instead, their testimony is to the effect that in traveling those one hundred fifty feet Homerding, after first edging westward across the center of the road, turned back to the east once or twice in front of Pospychalla's car, approaching in the east lane at forty to forty-five miles per hour, until it was about thirty feet behind Homerding's car; and that when Pospychalla's car was quite close Homerding, without giving any signal, turned sharply to the left in the intersection to swing onto "Q," and that the rear wheels of his car were to the east of the black line, at the time of the collision.

The jury found that there was causal negligence (1) on the part of Pospychalla in respect to (a) lookout and control, (b) following Homerding's car too closely, (c) signaling intention to pass, and (d) speed; and (2) also on the part of Homerding (a) in respect to lookout and control, but not (b) in respect to driving to the left of the middle of the road, (c) signaling, or (d) speed; and (3) also found that of the total causal negligence ten per cent was attributable to Homerding, and ninety per cent thereof to Pospychalla. Upon motions after verdict the court changed the jury's finding that Homerding was negligent in respect to lookout and control from "Yes" to "No;" and thereupon entered judgment for the recovery from Pospychalla and his insurer of the plaintiff's and Theodore Homerding's dam-

ages as assessed by the jury, and also for the dismissal of the cross complaint for contribution filed by Pospychalla and his insurer.

On this appeal the latter, as appellants, raise no issue regarding the jury's findings in respect to negligence on the part of Pospychalla. However, they contend that the court erred in substituting its finding that there was no causal negligence on the part of Homerding "in respect to lookout and control of his car," for the jury's verdict that there was such negligence, and that it constituted ten per cent of the total causal negligence. Appellants' contentions in that respect must be sustained in view of evidence, which the jury could consider credible, to the following effect. As Homerding approached the intersection, the control of his car was such that, commencing one hundred fifty feet south of "Q," it first angled off to the west once or twice across the center line in such a manner as to reasonably warrant Pospychalla in assuming that Homerding intended to continue angling off to the left of the east lane, and westward on "Q" (as Homerding claims he did); but that instead of continuing to do that, Homerding, with his speed reduced to fifteen miles per hour, cut back to the right lane in front of Pospychalla's car when it was quite close, and then, without any signal, swung sharply to the west in the intersection so that the rear wheels of his car were still east of the black center line of No. 45 when the right rear spring thereof was struck by the left front fender of Pospychalla's car. Under those circumstances, the wavering and erratic course of Homerding's car, while he was aware that another car was approaching from the rear, warranted the jury in finding that there was some causal negligence on his part in respect to control. Likewise, as he admitted that while driving the last one hundred fifty feet he made no further observation in respect to the car approaching from the rear, although, as

the jury could find under the evidence, he crossed to the west and east of the center line, the jury was warranted in finding that there was causal negligence on his part in respect to lookout in view of the rule that "If there is any credible evidence which in any reasonable view admits of an inference that supports the jury's findings, the trial court may not change the answers." *Duss v. Friess,* 225 Wis. 406, 413, 273 N. W. 547; *Jensen v. Jensen, ante,* p. 77, 279 N. W. 628. Consequently, the court erred in substituting its findings for the jury's answers in relation to causal negligence on the part of Theodore Homerding in respect to lookout and control, and comparative negligence, and those answers must be reinstated. Upon those answers, Pospychalla and his insurer are entitled to judgment on their cross complaint against Theodore Homerding for the recovery of contribution from him for half of such amount as they pay to the plaintiff, in satisfaction of her judgment; and his recovery upon his counterclaim must be reduced to ninety per cent of his damages, as assessed by the jury, and that recovery the appellants are entitled to have used as an offset against his liability for contribution herein.

The appellants further contend that Theodore Homerding was also guilty of causal negligence because, in angling off to the left to turn west on "Q," he violated sec. 85.17 (2), Stats., which provides:

"The operator of a vehicle intending to turn to the left at an intersection or into a private highway shall make such turn from the traffic lane immediately to the right of and next to the center of the highway and shall pass immediately to the left of the center of the intersection, passing as closely as practicable to the left of the center of the intersection, and shall leave the intersection immediately to the right of the center of the intersecting highway."

It is true that Homerding, in angling to the west of the center line to turn west on "Q," before even reaching the

intersection violated that statute, but that violation was not a cause of the collision under the circumstances in this case. On the contrary, if he had but continued to make his turn westward into "Q" from the left traffic lane, in violation of the statute, instead of again returning to the right, his violation would have avoided rather than caused the impact, and there probably would not have been a collision.

Appellants also assign as error the court's denial of motions based on their contentions that the jury's assessment of Lucille Homerding's damages at $4,379 is excessive, and that instead of adjudging the recovery of that amount the court should have reduced the award or granted a new trial. A review of the record discloses that the evidence fairly admits of the award. The jury could reasonably find thereunder that the automobile in which the plaintiff was riding was overturned as a result of the impact, and that she was thrown out of and fifteen feet beyond the car; that, at the time of the accident, she was twenty-four years of age and in good health and active in her housework and such outdoor physical activities as hiking, horseback riding, etc.; but that since then she cannot do such things because of severe pains in her back, and her husband had to employ help and do her housework. As results of the accident she had small cuts around the left eye, and minute abrasions on the arms, legs, and abdomen, an inch and a half long laceration on the back of her head, the edges of which were severely contused and bruised, and she complained of a dull and apathetic headache. But furthermore she had a contusion with discoloration about the size of the palm on the lower back over the second, third, and fourth lumbar vertebrae, in the area about opposite the crest of the ilium. For six days after the accident she had to remain in a hospital. X rays taken of the back area while there did not show any real bone injury. Instead, the injury was evidently entirely to the soft tissues,

that is the muscles and ligaments of the back, which pained her so that she was given continuous heat on the back during her hospitalization. But after she was up on her feet the pain became aggravated, and sometimes more marked. At intervals from the 17th of August to September 23d she was given light and massage treatments by her physician, who saw her until January 2d, and she was required to wear a back support which she removed only when it became uncomfortable. Several days after the accident she also complained of double vision in the left eye,—a pulling in focusing the eye, because of which she saw two objects where there was only one. That cleared up under treatment. At the time of the trial, seven months after the accident, there was still some muscle spasm in the lower lumbar region, with some limitation of motion there; and when she was on her feet a great deal she had some pain in the left sacroiliac region, which was attributed to a postural curvature, probably due to putting an unnatural strain on to the left sacroiliac region in an attempt to take the strain off the back. Physicians called on her behalf testified that she still suffered a partial disability in the back which will be permanent; that she had made all the recovery she was going to make; and that to be able to get around and do her lifework she will have to wear a support, but that she will never be able to do certain types of exercise or a great deal of bending.

It follows that the judgment must be affirmed in so far as the plaintiff is concerned; that in so far as it adjudges the recovery by Theodore Homerding of the sum of $1,621 as damages to be paid by the appellants, the judgment must be modified by reducing that recovery to ninety per cent of that sum, and affirmed as modified; and that, in so far as it adjudges the dismissal of the appellants' cross complaint against Theodore Homerding, it must be reversed with

directions to enter judgment in lieu thereof on their cross complaint for their recovery of contribution from Theodore Homerding, as stated above, with the right to have the amount which the latter is entitled to recover herein, used as an offset to the extent thereof, against said liability for contribution.

*By the Court.*—Judgment affirmed in so far as it relates to the plaintiff Lucille Homerding; modified, as stated in the opinion, in so far as it adjudges the recovery by Theodore Homerding of the sum of $1,621 as damages to be paid by the appellants Pospychalla and the Hardware Mutual Casualty Company, and affirmed as modified; and reversed in so far as it dismisses the cross complaint of the latter against Theodore Homerding, with directions to enter judgment in their favor for contribution by Theodore Homerding, and offsetting his recovery herein against his liability for said contribution as directed in the opinion.