HITZ, Plaintiff and Respondent, vs. POSPYCHALLA and another, Defendants and Appellants: HOMERDING (THEODORE), Defendant and Respondent.

*May 16—September 13, 1938.*

*Chas. H. Avery* of Antigo, attorney, and *William A. Hayes* of Milwaukee of counsel, for the appellants.

For the respondent Lenore Hitz there were briefs by *Earl J. Plantz* and *Thomas E. McDougal,* both of Antigo, and oral argument by *Earl J. Plantz.*

*Vernon J. McHale* of Antigo, for the respondent Theodore Homerding.

The following opinion was filed June 21, 1938:

FRITZ, J.   In this action the plaintiff, Lenore Hitz, seeks to recover damages sustained by her while a passenger in an automobile which was operated by the defendant, Theodore Homerding, and involved in the accident described in the case of *Homerding (Lucille) v. Pospychalla, ante,* p. 606, 280 N. W. 409.   The plaintiff herein alleged that she was injured as the result of causal negligence on the part of Pospychalla in operating his automobile; and on information and belief also alleged that the collision was the result of causal negligence on the part of Homerding in failing to keep a proper lookout for cars approaching from the rear, before attempting to turn to the west at the intersection of highways No. 45 and "Q."   Each of the defendants, Pospychalla and Homerding, denied any causal negligence on his part.   As the evidence in relation to the issues of negligence was substantially the same on the trial of this action as it was in the above-mentioned case in which Lucille Homerding was the plaintiff, there is no occasion for repetition in that respect.   However, although the jury likewise found on the trial herein (1) that there was causal negligence on the part of Pospychalla in respect to speed, lookout, control, and the position of his automobile on the highway; the jury found, in respect to Theodore Homerding (2) that he was not negligent in respect to lookout or control, or the manner in which he made the left turn, and (3) that he did not sud-

denly turn his automobile to the right just prior to making the final turn to the left.

Appellants' assignments of error are (1) that the court erred in not holding that Homerding was negligent, as a matter of law, because of his violation of sec. 85.17 (2), Stats., in turning from State Highway No. 45 into County Trunk Q; (2) that the jury's assessment and the court's adjudication of the plaintiff's damages at $4,250 is excessive; and (3) that the court erred in not granting a new trial (a) because of the representation of conflicting interests by counsel for the plaintiff and counsel for the defendant Homerding, (b) because of prejudicial statements by the plaintiff, by her counsel and by counsel for the defendant Homerding, and (c) because of statements and rulings of the court prejudicial to the appellants. Inasmuch as the material facts and application thereto of sec. 85.17 (2), Stats., are substantially the same herein as in the case of *Homerding (Lucille) v. Pospychalla, supra,* our conclusion in that case that, although Homerding's violation of sec. 85.17 (2), Stats., constituted negligence as a matter of law, such negligence did not constitute a cause of the collision is equally.applicable, and there is consequently no occasion for further consideration in that respect.

There is greater occasion for appellants' contention that the recovery of $4,250 as damages is excessive. The plaintiff sustained no fractures, her injuries did not necessitate hospitalization, and she had no loss in wages in her employment as a stenographer. However, there was evidence, which the jury could consider credible, to the following effect. At the time of the accident she was twenty-six years of age, in perfect health, cheerful and active in outdoor sports, such as long walks, skiing, bicycling, etc. In addition to her work as stenographer for six years, she did all of the housework, except the washing, for herself and her inva-

lid father, whom she supported. As the result of the accident, the middle part of the lower back was injured, and the upper part was also sore, in addition to injuries to her foot, left knee and shoulder, right wrist and elbow, face and mouth. She was given first-aid treatment by her physician an hour after the accident, and light treatments from the 20th of August to about the 1st of January. He also prescribed a support for her back, which she wore from October or November until May, and another support until the time of the trial in July. For five or six days she could do no work at all, and was kept from her office. After that she called there, but the first day was unable to do the work, and returned home. After that she performed part of her work, but had to go home two to four times a week, and some days laid off altogether because she could not stand the pain. She cannot stand bending or exercising because of the pain, and has not been able to do the household work. Upon activity of any kind, a spot shows up immediately on the right side; if she bends, a sharp pain runs through the lower part of the back and there is a constant duller sort of a pain. She cannot engage in outdoor activities, dance, or sit through a game of cards or for any length of time, as she did before the accident. The muscles of her left leg seem to tighten up and become painful when she tries to walk naturally, and dragging relieves the pain. The physicians who treated her testified that she suffers permanent injuries, and that upon examination by palpating the muscle and soft tissue at the seat of the injuries they found definite objective symptoms; and one of them testified that,—

"in the area where she complains of her pain, there is a difference in the texture of the tissues on the right side as opposed to those on the left side. The muscles are hardened. She also showed tenderness over the right sacroiliac joint. This was constantly present. I can't see there has been any change in the condition now as opposed to the lat-

ter part of December or early part of January, and under those circumstances I would feel that it is probable that the disability that she now suffers will be permanent. She walks with a lagging walk caused by the unnatural gait due to an attempt to protect that part of the back that is giving her pain."

Likewise two physicians called by the appellants conceded that there probably was some injury to the soft tissues of the spine, although she should have recovered from this accident in four to six months. Under the circumstances the jury was warranted in concluding that the plaintiff's disability will be permanent, and that she has been damaged in the sum of $4,250; and upon the approval thereof by the trial court we are not warranted in holding that amount excessive.

Neither does the record warrant the conclusion that the trial court erred in denying the appellants' motion for a new trial on grounds assigned by them. Although the attorney for the plaintiff herein had consented to sign an answer prepared and filed on behalf of Theodore Homerding to the cross complaint filed by appellants, in the action brought against them by Lucille Homerding, it does not appear that there was then in fact any inconsistency or conflict of interests in that the attorney nominally represented Theodore Homerding temporarily; and it is evident that as soon as it appeared that such an inconsistency or conflict might arise by reason of unanticipated developments, the attorney promptly terminated his representation of Theodore Homerding, who had another attorney substituted for him. There was obviously no breach of trust or faith toward Theodore Homerding or any party to that or this action; and neither the incident nor the court's ruling in relation thereto was prejudicial to the appellants or to any other party. Likewise the statements made by the plaintiff or the witness Ryland, in the course of their testimony, or by the

court in ruling upon objections made in relation thereto were not of such improper or prejudicial nature as to warrant a reversal.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on September 13, 1938.