READY, Plaintiff and Respondent, vs. HAFEMAN and others, Appellants.

*October 7—November 4, 1941.*

For the appellants Gustave Hafeman and the Home Mutual Casualty Company there was a brief by *Edward J. Byrne,* attorney, and *Robert L. Spanagel* of counsel, both of Appleton, and oral argument by *Mr. Byrne.*

For the appellants John Babino, and the General Casualty Company there was a brief by *Benton, Bosser, Becker & Parnell* of Appleton, and oral argument by *A. W. Parnell.*

For the respondent there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Samuel Sigman.*

FRITZ, J.   Plaintiff charged in her complaint that while she was riding as a guest in defendant Hafeman's car she sus-

tained injuries as the result of a collision between his car and the defendant Babino's car, which was caused by negligence on the part of each driver. Hafeman and his insurer answered by denying negligence on his part and alleging that plaintiff's injuries were caused by negligence on the part of Babino; and they prayed for the dismissal of plaintiff's complaint, without seeking any relief against Babino and his insurer. On the other hand, Babino and his insurer answered by denying any negligence on the part of Babino; and also filed a cross complaint against Hafeman and his insurer alleging that plaintiff's injuries were caused by Hafeman's negligence, but that if Babino should be found causally negligent and liable to plaintiff, then he and his insurer would be entitled to judgment for contribution against Hafeman and his insurer. On the trial the jury found (A) that Babino was causally negligent in respect to (1) speed, (2) lookout, (3) control and management and (4) right of way; (B) (1) that Hafeman was not negligent as to speed, (2) that he was negligent as to lookout, but this negligence was not a cause, (3) and that he was causally negligent as to (a) control and management, and (b) right of way; (C) and that of the total causal negligence, Babino's negligence was sixty per cent and Hafeman's negligence was forty per cent. Upon motions after verdict, the court approved the jury's findings with the exception of the finding that Hafeman's negligence in respect to lookout was not a cause of the accident; and, in lieu thereof, the court substituted its finding that such negligence was a cause. Upon the verdict as modified and approved by the court, judgment was entered against all defendants for plaintiff's recovery of the damages assessed by the jury.

On their appeal Hafeman and his insurer assign as error the denial by the court of their motion to substitute for the jury's finding that Hafeman was causally negligent as to control and management and right of way, findings that his negligence in these respects was not a cause; and also assign as error

the court's order changing the jury's answer by substituting its finding that Hafeman's negligence as to lookout was a cause of the accident for the jury's finding that such negligence was not a cause. On the other hand, Babino and his insurer assign as error on their cross-appeal the court's denial of their motions to change the jury's findings as to causal negligence on the part of Babino; and also the denial of their motions for judgment notwithstanding the verdict. In addition, all appellants assign as error the court's denial of their motions to grant a new trial because of errors in the admission of evidence and the instructions to the jury; and the denial of their motions to reduce the damages assessed by the jury.

The collision occurred in the southeast quarter of the intersection of Mason street,—which runs north and south,—and Spring street,—which runs east and west,—in Appleton. The front of Babino's northbound car collided with the rear of the right side of Hafeman's car, just as it completed crossing the west half of Mason street, while traveling eastward on the south half of Spring street. Hafeman's car was forced northeastward and tipped over at the north curb of Spring street. Babino's car stopped in the north half of the intersection, facing northeast. Although there were conflicts in the evidence, it admitted finding that Hafeman was driving at fifteen miles per hour as he approached from the west on Spring street and continued driving eastward across the intersection; that Babino in approaching from the south on Mason street was driving at thirty to thirty-five miles per hour without reducing his speed until he was crossing the south crosswalk; that Hafeman entered the intersection and was partly across the west half before Babino reached the south crosswalk; and that when the side of Hafeman's car was struck by Babino's car it was still going at such speed as to cause Hafeman's car to tip over at the north curb of Spring street. Under these circumstances and the fact that the lawful speed limit was twenty-five miles per hour, the jury was

warranted in finding that Babino was causally negligent as to speed; but that Hafeman was not negligent in this respect.

Although there were conflicts in the evidence in relation to the lookout kept by each driver, and his control and management and conduct in respect to yielding the right of way, there was credible evidence to the following effect, in so far as material in support of the jury's findings. While Hafeman was driving eastward from seventy-five feet west of the intersection to thirty-five feet west thereof, he was looking southward and could see sixty-five feet to seventy-five feet south on Mason street, but Babino's car was not within that distance. While Hafeman continued approaching and was entering and crossing the intersection, he looked northward and ahead without looking toward the south again or seeing Babino's car until he heard noise caused by the application of Babino's brakes and the skidding of his tires just before the cars collided. While driving from thirty-five feet west of the intersection and across the west half of Mason street, Hafeman neither stopped nor increased the speed or changed the course of his car, although he could probably have thereby avoided the collision if he had looked south again and observed the excessive speed and dangerous proximity of Babino's approaching car. On the other hand, Babino did not see Hafeman's car until it was right in front of him in the intersection when Babino's car was at the south crosswalk; and although he applied his brakes then, he failed to control his car or change its course so as to avoid the collision. Under the circumstances the evidence admitted finding that Hafeman was negligent in not looking again to the south and observing Babino's car as he entered and crossed the west half of the intersection; that he was causally negligent in respect to control and management, in failing to either stop or increase his speed or change the course of his car so as to avoid the collision; and the jury, having found that he was negligent in respect to lookout, could and probably should have found that

his negligence in this respect was also a cause of the collision. However, as the issue in this respect was but an issue of fact for the jury, under the conflicting inferences which the evidence admitted of, the court erred in substituting for the jury's finding the court's conclusion that Hafeman's negligence as to lookout was a cause of the collision.

Under the circumstances stated above, it was also within the province of the jury to find that Babino was causally negligent in respect to lookout because of his failure to observe Hafeman's car while it was approaching from thirty-five feet west of the intersection and was crossing the east half thereof, during all of which time it could have been seen by Babino as he was traveling the last sixty-five to seventy-five feet south of the intersection; and that he was likewise causally negligent in respect to his control and management of the car in failing to change the course of his car but a few feet, so as to pass behind Hafeman's car as it cleared the west half of Mason street, and also in failing to apply his brakes so as to avoid the collision, instead of continuing at the speed and momentum which his car still had at the time of the impact.

In relation to yielding the right of way, the jury was clearly warranted in finding that Babino was causally negligent in this respect, in view of the evidence which admitted finding that Hafeman, traveling at fifteen miles per hour, entered and was moving across the west half of the intersection before Babino reached the south crosswalk, and that the latter approached the intersection at the unlawful speed of thirty to thirty-five miles per hour. On the other hand, as Babino forfeited by his unlawful speed the right of way to Hafeman, and the latter was not driving at an unlawful or negligent speed or in violation of law otherwise, the evidence did not admit of the jury's finding that he was causally negligent in respect to the right of way. Consequently, Hafeman was entitled on his motion after verdict to have the court change the jury's finding in this respect by substituting therefor a finding by

the court that Hafeman was not causally negligent as to right of way.

It follows that because of Babino's causal negligence in the four respects found by the jury and approved by the court, he and his insurer are liable to the plaintiff for the damages sustained by her as the result of his negligence; and that because of Hafeman's causal negligence in respect to his control and management of his car, he and his insurer are likewise liable to plaintiff for such damages. In so far as the plaintiff is concerned, it suffices to render each defendant liable for the full amount of her damages, whose negligence proximately contributed to cause her injury, even though the negligence of Babino in the four respects may have contributed in causing plaintiff's injury to a greater extent than Hafeman's causal negligence in but one respect. *Mitchell v. Raymond,* 181 Wis. 591, 195 N. W. 855; *Roeber v. Pandl,* 200 Wis. 420, 228 N. W. 512; *Zurn v. Whatley,* 213 Wis. 365, 251 N. W. 435; *Wedel v. Klein,* 229 Wis. 419, 425, 282 N. W. 606; *Homerding v. Pospychalla,* 228 Wis. 606, 611, 280 N. W. 409; *Forecki v. Kohlberg,* 237 Wis. 67, 295 N. W. 7, 296 N. W. 619.

Inasmuch as the jury found that Hafeman was causally negligent in respect to control and management, and these findings were warranted by the evidence and approved by the court, he is liable to plaintiff under the record herein, regardless of the court's errors in changing the jury's finding that his negligence as to lookout was not a cause, and in sustaining the jury's findings that he was causally negligent in respect to right of way. None of those errors affected Hafeman prejudicially in respect to the findings that he was causally negligent in the control and management of his car. Moreover, as each defendant, who was guilty of any causal negligence whatever, is liable for the entire amount of plaintiff's damages, and as neither of the defendants seeks to recover for an injury caused to his person or property by the

other defendant's negligence, there was no occasion to submit any question to the jury for a finding as to the comparative negligence of the defendants, and it is immaterial what negligence the jury may have taken into consideration in finding as to their comparative negligence.

It is contended by all of the defendants that the jury's assessment of plaintiff's damages at $800 for pain and suffering; $300 for loss of earnings; and $2,750 for permanent disability, is excessive and that the court erred in ordering judgment for these amounts, in addition to $345 stipulated as hospital and medical expenses. In this connection defendants contend that the court also erred in admitting hearsay evidence as to the consequences of plaintiff's injury, and in submitting certain questions as to damages and instructing the jury in relation thereto.

Notwithstanding defendants' objections that the questions called for testimony which was hearsay and was in relation to self-serving declarations, the court permitted coemployees of plaintiff to testify as to her statements that,—

"When she gets home she doesn't feel like sewing or doing housework or cooking, because she wouldn't have ambition to do it;"

that "She complains about headaches and pain in the left side of her neck and backaches, and she complains about not being able to sleep;"

and that "When at work Mrs. Ready told us how she felt. Several times she had terrific headaches and she gets nervous and I noticed she leaves the room different times because of her nervousness and she said she just didn't have any ambition, and didn't know how she could finish the day."

The court ruled that is was for the jury to determine whether the statements are self-serving or are real. In so far as this testimony related to statements by plaintiff which were not exclamations or expressions indicating bodily pain suffered at the time they were made, they were but narrative

statements as to her physical condition and should therefore have been excluded under the rule that,—

"Witnesses are not permitted to testify to complaints or statements of physical condition or feelings made by an injured person which were made in answer to a question, or which are narrative in their nature, and which are not a part of the *res gestæ.*" *Keller v. Gilman,* 93 Wis. 9, 11, 66 N. W. 800; *Bredlau v. York,* 115 Wis. 554, 557, 92 N. W. 261.

It was for the court to determine whether the statements were narrative in their nature and therefore inadmissible because not a part of the *res gestæ* (*Kressin v. Chicago & N. W. R. Co.* 194 Wis. 480, 486, 215 N. W. 908), instead of leaving it to the jury to determine these questions of law.

In connection with submitting separate questions requiring the jury to assess damages for (1) "pain and suffering," (2) "loss of earnings," and (3) "permanent disability," the court instructed the jury as follows in relation to "pain and suffering,"—

". . . you should award such sum as you find from the preponderance of the evidence to a reasonable certainty is required to fairly compensate the plaintiff, in money, for the pain and suffering as you are satisfied she has endured to date and for the *pain and suffering* she *will,* to a reasonable certainty, *endure in* the future, as a result of the injuries received. . . . you may take into consideration, in addition to her physical pain, her mental anguish she has endured in the past and such *mental anguish* she *will,* to a reasonable certainty, *endure in the future.* . . . you may take into consideration her *loss of capacity* to *enjoy life,* or any *diminution or impairment of that capacity,* which you are satisfied from a preponderance of the evidence to a reasonable certainty she has sustained in the past or *will sustain in the future.*"

In relation to "loss of earnings" the court instructed,—

". . . you should award the plaintiff such sum as will reasonably compensate her for her loss of earnings to date,

and also such amount as will reasonably compensate her for her *loss of earnings in the future,* which you are satisfied from a preponderance of the evidence to a reasonable certainty, she *will suffer. . . .* you may take into consideration the *impairment,* if any, *of her earning capacity in the future* and the *diminution of her ability to earn money,* which you are satisfied from a preponderance of the evidence she is reasonably certain *to sustain. . . .* and in arriving at the *future value of her earnings,* you must consider the situation of the plaintiff, the likelihood of her continuing to follow her former occupation or work and all the surrounding facts and circumstances, and *in her future loss,* if any, you must ascertain the same to a reasonable certainty."

Then, in instructing as to damages for "permanent disability" the court said,—

". . . you are instructed that the plaintiff is entitled to recover a reasonable sum as compensation *for* such *permanent disability* which you are satisfied, from a preponderance of the evidence to a reasonable certainty, is chargeable to the injury."

In thus instructing as to assessing compensation for "permanent disability" the court failed to instruct and caution the jury that it could not take into consideration again the elements of future mental anguish, future loss of capacity to enjoy life and the diminution or impairment of that capacity, and future impairment of her earning capacity, diminution of ability to earn money and loss of earnings which would be the result of permanent disability. As the court had instructed that future consequences in respect to those elements were to be considered in assessing compensation for "pain and suffering" and "loss of earnings," and under the instructions given in relation to "permanent disability" the jury could also take into consideration future consequences that were permanent, the assessments therefor would overlap and result in duplications in compensation. Consequently there is applicable

12

here the criticism in *Becker v. Luick*, 220 Wis. 481, 488, 264 N. W. 242, that,—

"This form of submission was confusing and improper. The elements of damage concerning which separate inquiry is made are so far duplicates of each other as to make it evident that any answers to the questions in the form submitted would lead to duplicate awards."

Because of that duplication and the apparently high assessment for permanent disability, in connection with the awards for pain and suffering and loss of earnings, and the error in admitting testimony as to plaintiff's narrative statements in relation to her physical condition, a new trial must be granted upon the issue of damages. In view of the liability of the defendants Hafeman and Babino to plaintiff for the injury sustained and caused by negligence on the part of each defendant in the respects found by the jury and warranted by the evidence, as stated above, there is no need for granting a new trial in relation to any issue other than damages.

*By the Court.*—Judgment reversed, and cause remanded for a new trial on the issue of damages. No costs are allowed to either party. Respondent shall pay the clerk's fees.