THOMPSON and another, Respondents, v. NEE and another, Appellants.

*December 1, 1960—January 10, 1961.*

For the appellants there was a brief by *Swingen, Stern & Lenahan* and *William E. Johnson,* all of Madison, and oral argument by *Mr. Johnson.*

For the respondents there was a brief and oral argument by *D. V. W. Beckwith* of Madison.

BROWN, J.    The defendants do not contend that Mrs. Nee was not causally negligent but they assert that their requested question concerning causal negligence on the part of Mrs. Thompson should have been included in the verdict, and also a question comparing the causal negligence of Mrs. Thompson and Mrs. Nee. Defendants also submit that plaintiffs' witness, Dr. Suckle, was erroneously permitted to testify to subjective symptoms (plaintiff's declaration to the doctor of pain). Defendants also submit that the damages are excessive and the trial court committed error in denying a motion for a new trial because damages were excessive and denying a motion for a new trial in the interest of justice.

It is conceded that Mrs. Thompson seasonably signaled with her brake light that she was intending to slow down or come to a stop and Mrs. Nee saw the signal. Mrs. Nee failed to stop in time, either because she was following too closely or because she was going too fast in the existing conditions of traffic. The contributory negligence which the defendants attribute to Mrs. Thompson consists in their assertion that Mrs. Thompson signaled only with her brake light and did not give any additional signal. They contend that under the circumstances she should also have given a hand signal.

There is no merit to this contention. Sec. 346.34 (2), Stats., declares that the driver of a vehicle shall signal that he intends to stop or suddenly slow down when there is opportunity to give such signal. The signal shall be given in the manner approved in sec. 346.35. The latter section provides that the stop or turn signal may in any event be given by a signal lamp or mechanical signal device and such signal also may be given by the hand and arm in lieu of or in addition to the signal lamp or mechanical signal device. Mrs. Thompson gave the signal by lamp in the manner and at the time required by the foregoing two statutes. Mrs. Nee testified that she saw the signal light. Mrs. Thompson fulfilled her entire duty required by the statutes. She had no obligation to give additional signals and, having given an approved sig-

nal, it was not negligent of her not to give another, different one. The court properly refused to include a question in the verdict to permit the jury to find any negligence or to compare negligence on the part of Mrs. Thompson by reason of her omission to give an additional signal.

Appellants submit that the trial court erred in permitting Dr. Suckle, who was one of plaintiff's attending physicians, to testify over objection that when Mrs. Thompson consulted him several months after the accident she complained to him of pain in the back, head, and neck. Appellants' contention that this testimony was inadmissible rests on their interpretation of *Kath v. Wisconsin Central R. Co.* (1904), 121 Wis. 503, 99 N. W. 217, where we held that error was committed in allowing the medical expert witness, over objection, to testify to the subjective symptoms which the injured plaintiff had described to him. On page 511 of the *Kath Case* we referred to *Keller v. Gilman* (1896), 93 Wis. 9, 66 N. W. 800, wherein we had held that such statements may be given in evidence when made to the physician for the purpose of treatment but may not when made to an expert after action brought in order to enable him to testify as a witness on the trial.

The *Kath Case* did not overrule or retract what we said in *Keller,* but we recognized that what we said in *Keller* was inadequate to cover the *Kath* situation where the physician who was called to testify was retained by the injured party for both purposes—one for the *bona fide* treatment of the injury, and the other for the purpose of enabling the physician to testify as an expert on the trial. We determined that, under the circumstances of the employment of the doctor, the doctor's testimony relating to the patient's recitation of subjective symptoms should be excluded.

Appellants endeavor to apply this to the case at bar but the record here does not fit the facts of the *Kath Case* nor produce the same result. Mrs. Thompson had been under the care of

a number of doctors following the collision. The one preceding Dr. Suckle was Dr. Miller, an orthopedic surgeon. The appendix filed by appellants summarizes the evidence concerning the advent of Dr. Suckle, a neurological surgeon, into the case. So summarized, Mrs. Thompson testified:

"The doctor [Miller] felt that he had done all that he could for me and so he recommended that I see Dr. Suckle. . . . I have been under his [Suckle's] care since that time."

There is no suggesting in the evidence that Mrs. Thompson came to Dr. Suckle for any purpose other than to treat her injury or that he was to serve in any other capacity. The record does not present a situation, as in the *Kath Case,* where the doctor was retained for the dual purpose of providing medical treatment and expert testimony. If the physician is originally employed solely for the purpose of treatment, in our view it is not material that theretofore the injured person may have retained an attorney.

On the record before us, Dr. Suckle's testimony, including his patient's recital to him of her subjective symptoms, was admissible in evidence. The recital was given and heard for the sole purpose of treatment. In such circumstances the testimony would have been admissible in both the *Keller* and the *Kath* actions and is admissible now.

The appellants' third contention is that the damages were excessive and a new trial should have been granted. There is ample evidence to connect Mrs. Thompson's impaired physical condition with the collision. The jury awarded $18,000 to her for pain, suffering, and disability to perform the tasks of a housewife, to continue in employment, and to enjoy the activities of which she was formerly capable. She was twenty-three years old at the time of the collision and has had constant pain which will increase and be permanent. The very serious impairment of her physical ability is evident in the testimony and the attendant pain is severe. The record supports the jury's award and its approval by the trial court.

Appellants complain of the jury's passion or prejudice arising from evidence of a miscarriage after the accident which the accident did not cause. Both sides questioned the plaintiff about her previous pregnancies and her several miscarriages. The appellants cannot now complain of prejudice or passion by reason of the evidence which they in part introduced, besides which, in our opinion, the award does not reflect either passion or prejudice.

The judgment should be affirmed.

*By the Court.*—Judgment affirmed.