WAUKESHA COUNTY, Respondent, v. MUELLER, Appellant.

*April 10—May 9, 1967.*

For the appellant there was a brief and oral argument by *Sidney Spector* of Milwaukee.

For the respondent there was a brief and oral argument by *Roger P. Murphy,* district attorney.

BEILFUSS, J.   The only issue is whether there is sufficient credible evidence to sustain the speeding conviction.

In a trial to the court, findings of fact will not be set aside by the appellate court unless they are contrary to the great weight and clear preponderance of the evidence. *Swazee v. Lee* (1951), 259 Wis. 136, 47 N. W. (2d) 733; *State v. Waters* (1965), 28 Wis. (2d) 148, 135 N. W. (2d) 768; *Mitchell v. Western Casualty and Surety Co.* (1966), 30 Wis. (2d) 419, 141 N. W. (2d) 212.

This court, in *Lock v. State* (1966), 31 Wis. (2d) 110, 115, 142 N. W. (2d) 183, said:

". . . Stating the rule conversely for the sake of clarity, the evidence when considered most favorably to the state and the conviction must be so insufficient in probative value and force that it can be said as a matter of law that no trier of the facts acting reasonably could be convinced to that degree of certitude which the law defines as 'beyond a reasonable doubt.' "

This is the rule which governs the instant case except that the burden of proof on the county of Waukesha is not "beyond a reasonable doubt," but is "the clear preponderance of the evidence" or "clear, satisfactory, and convincing evidence." This is the burden of proof required in ordinance forfeiture cases. *Madison v. Geier* (1965), 27 Wis. (2d) 687, 135 N. W. (2d) 761.

Mueller contends that the county has not met its burden of proof because there is no evidence that the squad car speedometer was accurate in view of the fact that it had not been tested or recalibrated for 39,000 miles and for a period of nine months.

There are no presumptions in this state, statutory or otherwise, that a properly calibrated police speedometer becomes inaccurate after any specific time or miles of use. It cannot be said as a matter of common knowledge that speedometers of the type used lose their accuracy.

The defendant offered no proof that police speedometers lose their accuracy generally; nor was there any proof that this particular speedometer was not accurate. This is a civil proceeding and rules of civil procedure are broad enough to have permitted the defendant to check the accuracy of this speedometer had he desired to do so.

The trial court concluded that defendant was traveling at least 50 miles per hour at the time and place in question because he was "pulling away" from the officer's squad car at the time the speedometer registered 50 miles per hour.

The finding of the trial court that the defendant was going 50 miles per hour is not against the great weight and clear preponderance of the evidence. The inference drawn by the trial court is not inherently impossible or unreasonable. (See *Madison v. Geier, supra.*) The credible evidence is sufficient to support the finding and sustain the conviction.

We are mindful that the defendant has cited several cases from other jurisdictions—all are distinguishable.

*By the Court.*—Judgment affirmed.