VILLAGE OF WHITEFISH BAY, Respondent, v. HARDTKE, Appellant.

*No. 148. Argued September 5, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 259.)

152

For the appellant there was a brief and oral argument by *Sidney Spector* of Milwaukee.

For the respondent there was a brief and oral argument by *Harry J. Hayes,* village attorney.

BEILFUSS, J.   The only issue is whether there is sufficient credible evidence to sustain the verdict.

It is settled in forfeiture cases that the burden of proof is on the municipality to establish its case by a clear preponderance of the evidence or by clear, satisfactory and convincing evidence. *Waukesha County v. Mueller* (1967), 34 Wis. 2d 628, 150 N. W. 2d 364. If there is any credible evidence which under any reasonable view fairly admits of an inference that supports the jury's verdict, the verdict must be sustained on appeal. *Weeden v. Beloit* (1966), 29 Wis. 2d 662, 139 N. W. 2d 616.

The defendant was not cross-examined nor were there any eyewitnesses. The defendant contends that his testimony was uncontradicted and not incredible and must be accepted as a verity. It is his position that the jury acted solely upon speculation and conjecture.

It is true that when a jury makes a finding based on conjecture and speculation that finding cannot stand. *Ernst v. Greenwald* (1967), 35 Wis. 2d 763, 151 N. W. 2d 706. Defendant is mistaken, however, when he states that testimony can be contradicted only by internal inconsistencies in the defendant's own testimony or by direct testimony of other witnesses. Physical evidence may not only contradict oral testimony but, if irrefutable and unquestionable, it may render testimony incredible. *Johnson v. McDermott* (1968), 38 Wis. 2d 185, 156 N. W. 2d 404; *Nieman v. American Family Mut. Ins. Co.* (1968), 38 Wis. 2d 62, 155 N. W. 2d 809. Thus, in *Fields v. Creek*

(1963), 21 Wis. 2d 562, 124 N. W. 2d 599, where the defendant testified that he was going 12 to 15 miles per hour but the skid marks were 31 feet long, this court held that the jury was not obligated to accept such testimony.

Defendant contends that a vehicle may skid without the fault of the driver,[1] and that in this instance it was the pile of wet leaves and not unreasonable speed that caused the accident. To say otherwise, he submits, would create an air of speculation. This, however, totally ignores the physical evidence presented at the trial relating to the specific fault condemned under sec. 346.57 (2), Stats., that is, driving at a speed greater than is reasonable or prudent for the conditions and hazards then existing.

The road conditions were established by the defendant himself when he testified that the roadway was wet, leaf-strewn and dark. His speed can be reasonably inferred from the testimony of the officer and the physical facts that the car was damaged at both front and rear and the car skidded 166 feet with the brakes on, striking three trees in the process.

The evidence is amply sufficient to support the jury's verdict.

*By the Court.*—Judgment affirmed.

---

[1] *Abbott v. Truck Ins. Exchange Co.* (1967), 33 Wis. 2d 671, 148 N. W. 2d 116.