NOLOP, Respondent, v. SKEMP and another, Appellants.*

*May 6—June 2, 1959.*

* Motion for rehearing denied, with $25 costs, on October 6, 1959.

For the appellants there were briefs by *Frank L. Morrow* of Eau Claire, and *Hale, Skemp, Hanson, Schnurrer & Sheehan* of La Crosse, and oral argument by *Mr. T. H. Skemp, Mr. Morrow,* and *Mr. William P. Skemp.*

For the respondent there was a brief by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

BROWN, J.   This is a typical case presenting jury questions as to causal negligence and damages.  A careful review of the record contains ample evidence to support each of such findings.  We cite once more the familiar principle that when a jury's findings are attacked, particularly when they have had the trial court's approval, our inquiry is limited to the issue whether there is credible evidence that, under any reasonable view, supports such findings; and in determining the facts the jury may give effect to such inferences as reasonably may be drawn from them. *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 62 N. W. (2d) 549, 63 N. W. (2d) 740; *Tri City Fur Foods v. Ammerman,* ante, p. 149, 96 N. W. (2d) 495. Such evidence being present, the finding of the jury must be sustained. *Commerce Ins. Co. v. Badger P. & H. Stores* (1953), 265 Wis. 174, 182, 60 N. W. (2d) 742.

Appellants also submit that the trial court committed prejudicial error in requiring Mr. Thomas Skemp, the

owner of the Ford truck, to produce photographs of the scene of the accident taken by a commercial photographer under Mr. Skemp's direction within a few minutes after the collision. When the photographs were produced plaintiff's counsel introduced the photographs as exhibits. Plaintiff's counsel had in his own file copies of the same photographs. The record shows that the defendants' counsel did not object because the photographs were privileged. The record shows: "The court: Are you claiming privilege? Answer: No privilege but we feel that these pictures were taken as a part of the investigation of the case on behalf of the defendants. . . . We don't think this is a proper time for plaintiff to come into our file and take our evidence and make it a part of his record." If there was error in ruling that defendants must produce the photographs (we do not say there was), there was certainly no prejudice to defendants. Plaintiff's duplicates were available if defendants' had been suppressed. The jury would have been in possession of the same facts one way or another.

Defendants produced a civil engineer as an expert witness to testify from photographs where the center of the road is located. The court correctly ruled that the jury could see and understand as much from the photographs as the engineer could and this was not a matter for expert testimony. There was no error in excluding the testimony of the expert.

Appellants submit the trial court erred when plaintiff was permitted to offer in evidence the American Experience Table on Mortality. In the absence of the jury the defendants argued to the court that plaintiff had physical infirmities which would tend to shorten his life and make inapplicable the mortality table based on averages. The court ruled that plaintiff could offer the Table and defendants then could attack the weight of the evidence with testimony that plaintiff was subject to infirmities which would shorten his life below the Table's averages. We approve this ruling.

Appellants submit that the damages, $20,000, for Nolop's personal injuries are excessive. This court is loath to set aside an award of damages found by a jury and approved by the trial court. Medical testimony supports the various injuries and their results suffered by the plaintiff, and if the jury believes the plaintiff's doctors in this respect the award is not so great that we can consider it excessive. Defendants' medical experts minimize the injuries and their subsequent effect, but the weight of the evidence of the respective experts and their credibility are matters for the jury.

Finally, the defendants submit that the conduct of the plaintiff's attorney was unethical, inflammatory, and prejudicial. The transcript does not support these contentions and it appears to us that at all times the trial court was in full control of his courtroom. The trial was long and was vigorously contested on both sides. The trial court approved the verdict. Since the trial court did not condemn the conduct which appellants criticize we will not do so where, as here, the printed record alone, which is all we have to go by, does not substantiate the charges.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.