CHEETHAM and wife, Appellants, v. PIGGLY WIGGLY MADI-
SON COMPANY, Respondent.

*May 1—June 2, 1964.*

288

For the appellants there was a brief by *Walstead, Anderson, Bylsma & Eisenberg* and *Donald S. Eisenberg,* all of Madison, and oral argument by *Donald S. Eisenberg.*

For the respondent there was a brief by *John A. Hansen* and *Rieser, Stafford, Rosenbaum & Rieser,* all of Madison, and oral argument by *Mr. Hansen.*

BEILFUSS, J. On this appeal the plaintiff challenges the instruction given the jury concerning her contributory negligence and asks us to find her free of contributory negligence as a matter of law.

### The Instruction.

The plaintiff complains of that portion of the instruction set out in the margin which informs the jury that it was plaintiff's "duty to guard against any injury to herself so far as by reasonable care she could protect herself." [1] Plaintiff contends that the following sentence should have been substituted:

"If you find that Marion Cheetham did observe any dangers open and obvious to her then the test to be applied is whether a reasonably prudent person would, under the circumstances, use such place for walking."

---

[1] "The plaintiff in this case, Marion Cheetham, had a duty to use ordinary care for her own safety and protection and to that end to observe the area referred to in the evidence, its immediate surroundings and all other conditions, including the weather, surrounding her while walking in the area. She was also under a duty to observe any dangers which were open and obvious to her if she was using reasonable care and caution for her own safety and protection. It was her duty to guard against any injury to herself so far as by reasonable care she could protect herself. . . .

"The mere fact that the plaintiff and her husband parked their car and alighted therefrom and proceeded to walk towards the store on the roadway, in whatever condition you may find it to have been, is not in itself evidence of negligence."

The thrust of plaintiff's argument is that the use of the word "guard" was improper because the word connotes a higher standard of care than the law required of her. Portions of most instructions taken out of context are subject to the same objection. The import of the instruction viewed as a whole is that plaintiff had a duty to use ordinary care for her own safety. *Willenkamp v. Keeshin Transport System, Inc.* (1964), 23 Wis. (2d) 523, 127 N. W. (2d) 804.

### Plaintiff's Contributory Negligence.

In order for her attack on the jury's verdict to be successful, plaintiff must overcome a substantial hurdle. When a jury verdict is attacked we inquire only whether there is any credible evidence that, under any reasonable view, supports the verdict. This is especially so when the verdict has the trial court's approval. *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 62 N. W. (2d) 549, 63 N. W. (2d) 740; *Hibner v. Lindauer* (1963), 18 Wis. (2d) 451, 118 N. W. (2d) 873.

Here plaintiff and her husband walked from their car to the store without incident. Plaintiff's husband returned safely even though he had a bag of groceries under his arm. Thus the parking lot was not so slippery that it could not be traversed with safety in the exercise of ordinary care. This evidence will sustain a jury verdict of failure to exercise reasonable care for one's own safety. *Filipiak v. Plombon* (1962), 15 Wis. (2d) 484, 113 N. W. (2d) 365; *Mustas v. Inland Construction, Inc.* (1963), 19 Wis. (2d) 194, 120 N. W. (2d) 95, 121 N. W. (2d) 274.

Plaintiff cites *Paepcke v. Sears, Roebuck & Co.* (1953), 263 Wis. 290, 57 N. W. (2d) 352; *Schwenn v. Loraine Hotel Co.* (1961), 14 Wis. (2d) 601, 111 N. W. (2d) 495; and *Zernia v. Capitol Court Corp.* (1963), 21 Wis. (2d) 164, 124 N. W. (2d) 86, 125 N. W. (2d) 705, in support of her argument that we should find her free of contributory

negligence as a matter of law. A careful reading of those cases will disclose that in none of them was a plaintiff held free of contributory negligence as a matter of law.

In the *Paepcke Case* the jury had returned a verdict finding plaintiff free of contributory negligence. We refused to find the plaintiff guilty of contributory negligence as a matter of law.

In the *Schwenn Case* all parties were found negligent and we refused to disturb the apportionment, while reversing on the ground that the negligence of the two defendants in that case should not have been combined for purposes of comparison with that of the plaintiff.

In the *Zernia Case* the jury found the plaintiff free of contributory negligence but also found that the defendant did not violate the safe-place statute. The plaintiff's contributory negligence was not involved on appeal. Rather than supporting the plaintiff's case both *Paepcke* and *Schwenn* weaken it. This court does not sit as a jury in safe-place cases.

Plaintiff argues that the jury's finding of contributory negligence was actually one of assumption of risk, which, if not unreasonable, is not a defense to a violation of the safe-place statute. *Meyer v. Val-Lo-Will Farms* (1961), 14 Wis. (2d) 616, 111 N. W. (2d) 500. In that portion of the instructions quoted earlier the trial judge made it clear that assumption of risk, apart from that which also constitutes contributory negligence, was not in the case. By the instruction she would substitute for the one given, plaintiff impliedly and properly concedes that the reasonableness of proceeding in the face of a known hazard is a jury question.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.