ASH and another, Respondents, v. AMERICAN FAMILY
MUTUAL INSURANCE COMPANY and another, Appellants.

*January 9—January 31, 1967.*

594

For the appellants there was a brief by *Aberg, Bell, Blake & Metzner* of Madison, and oral argument by *Carroll E. Metzner*.

For the respondents there was a brief by *William L. McCusker* and *W. Scott Van Alstyne, Jr.*, both of Madison, and oral argument by *Mr. McCusker*.

HANLEY, J.  The issues on this appeal are as follows:

1. Does the evidence sustain the award of damages by the jury to the plaintiff, Anna Ash?

2. Did the trial court err in its ruling on the admission of medical bills incurred by Gerald Ash?

3. Was the argument to the jury by plaintiffs' counsel on rebuttal improper and prejudicial?

The main question on this appeal is whether the verdict is excessive. The defendants argue that the damages awarded to plaintiff Anna Ash were grossly excessive, without any support in the credible evidence and obviously reflected an allowance for the effects of an injury not sufficiently proved. The plaintiffs contend the award was not excessive since there was objective evidence for

Mrs. Ash's neck and head complaints and a finding of permanency as to the neck injury.

Our review must be based on the rule that when there is any credible evidence which under any reasonable view supports the jury finding, especially when the verdict has the approval of the trial court, it should not be disturbed.

In *Bleyer v. Gross* (1963), 19 Wis. (2d) 305, 307, 120 N. W. (2d) 156, this court said:

" 'The familiar rule, often declared by this court, that where there is credible evidence to support a finding of a jury we may not disturb it, needs no citation of authorities.' *Mossak v. Pfost* (1950), 258 Wis. 73, 75, 44 N. W. (2d) 922."

In *Mack Trucks, Inc., v. Sunde* (1963), 19 Wis. (2d) 129, 135, 119 N. W. (2d) 321, this court stated:

". . . A verdict approved by a trial court must be sustained if there is credible evidence which under any reasonable view admits of an inference that supports the jury's findings."

It should be pointed out also that ". . . on review this court must accept the credible evidence most favorable to sustain the verdict." *Dickman v. Schaeffer* (1960), 10 Wis. (2d) 610, 613, 103 N. W. (2d) 922.

To determine whether or not there was sufficient credible evidence to support the award for personal injuries, we must first review the evidence as to the personal injuries of the plaintiff Anna Ash.

Immediately following the accident plaintiff Anna Ash complained of neck pains to Officer Long. Doctor Harper, her obstetrician, examined her on the day of the accident. She was concerned about her unborn child and complained about neck and shoulder pains. Doctor Harper's diagnosis at that time was that she had an injury commonly known as a whiplash and that she was experiencing pain when she attempted to rotate her head

on her neck and also had a numb feeling on the right, lower side of her head.

Doctor Harper referred Mrs. Ash to Doctor Nordby, an orthopedic specialist, in October, when Mrs. Ash continued complaining of neck and head pain. Doctor Nordby diagnosed Mrs. Ash's condition as cervical strain resulting in a tearing of fibers in the neck area. As a result of the tearing of these fibers bleeding occurs and scar tissue forms at the site of the scar. This scarring, known as fibrosis, decreases the circulation in the injured area which also causes a decrease in endurance. Doctor Nordby found this condition to be a permanent residual injury to the area of her cervical spine as a result of the accident. He also found objective evidence of injury in the cervical spine area. He repeatedly testified to "increased tone" and "fasciculation," causing a rippling appearance of muscles and reflex spasm.

The testimony of Doctor Brodhead, who examined Mrs. Ash for the defense, did not contradict Doctor Nordby's testimony. A portion of Doctor Brodhead's testimony on cross-examination was as follows:

"Q Didn't your report say this, Doctor: 'All of these motions produced pain through the paracervical muscles and the trapezius muscles bilaterally'? A Yes.

"Q Didn't you find 'There was minimal spinous process tenderness on palpating the cervical spine'? A I did.

". . .

"Q And didn't you make this diagnosis: 'It was my impression that Mrs. Ash no doubt sustained a rather severe myofascial strain involving the posterior cervical ligaments and muscles which is slow in resolving?' A Yes, this is true.

"Q So you made a diagnosis that she had a neck injury at that time, didn't you? A I did."

Since the accident Mrs. Ash tires more easily and cannot perform the activities or household duties that she had performed before the accident. Mrs. Ash returned

to work and has continued to work since the accident, but she does so with considerable discomfort.

In *Makowski v. Ehlenbach* (1960), 11 Wis. (2d) 38, 43, 103 N. W. (2d) 907, this court said:

"In a case where it is clear to the court that the amount awarded must necessarily reflect an allowance for the effects of injury not sufficiently proved or reflect a rate of compensation which is beyond reason, the court will declare the damages excessive. *Where the question is a close one, it should be resolved in favor of the verdict.*" (Emphasis supplied.)

Defendants cite comparable cases to support their contention that the verdict is excessive. *Albers v. Herman Mut. Ins. Co.* (1962), 17 Wis. (2d) 385, 391, 117 N. W. (2d) 364; *Lucas v. State Farm Mut. Automobile Ins. Co.* (1962), 17 Wis. (2d) 568, 117 N. W. (2d) 660; *Richie v. Badger State Mut. Casualty Co.* (1963), 22 Wis. (2d) 133, 125 N. W. (2d) 381; *Olson v. Siordia* (1964), 25 Wis. (2d) 274, 130 N. W. (2d) 827; and *Spleas v. Milwaukee & Suburban Transport Corp.* (1963), 21 Wis. (2d) 635, 124 N. W. (2d) 593.

Some of these cases involved pain and suffering from whiplash injuries. A comparison of the facts of apparently similar injuries can only be made in a very general way. In *Albers, supra,* this court reduced a jury award from $10,000 to $6,000, although the award had been sustained by the trial court. However, in that case the trial judge was quoted as follows:

"'I wish to state, however, that I would have been much better satisfied had the jury found a lesser amount in answer to that inquiry. The amount was generous and liberal, but that does not necessarily mean it is excessive.'"

In the case at bar the trial court in its memorandum decision stated:

". . . the verdict certainly does not shock the conscience of this Court. . . ."

The *Olson Case, supra,* involved a plaintiff, eighty-six years old, while in the *Spleas Case, supra,* the plaintiff was a sixty-four-year-old man. Here, the plaintiff, Anna E. Ash, was twenty-seven years old at the time of the injury.

Plaintiff Anna Ash contends the verdict is not excessive in view of *Erdmann v. Milwaukee Automobile Mut. Ins. Co.* (1963), 20 Wis. (2d) 439, 122 N. W. (2d) 430, and *Thompson v. Nee* (1961), 12 Wis. (2d) 326, 107 N. W. (2d) 150, both involving pain and suffering from whiplash injuries.

In *Erdmann, supra,* this court confirmed an award of $10,000 for a whiplash injury to a fifty-year-old woman. In that opinion, at page 446, the court said the injury was "substantially revealed by subjective symptoms." Damage to the car was $27. Mrs. Erdmann consulted a doctor fourteen days after the accident and thereafter incurred a $267 medical bill.

In *Thompson, supra,* this court allowed an award of $18,000 to stand in a whiplash case. Like the instant case Mrs. Thompson was a young woman twenty-three years old.

A statement by this court in *Erdmann, supra,* at page 446, seems appropriate in regard to the instant case:

". . . The jury chose to believe her and to believe her medical experts. The trial court did not find her testimony incredible and stated in its memorandum opinion that 'from a careful review of all of the testimony this court cannot say that the damages so determined are excessive.' "

The facts relative to the collision indicate a severe impact. Testimony disclosed that the defendant's car was proceeding at an estimated speed of 40 miles per hour when it struck plaintiffs' compact car while stopped at a traffic light. The plaintiffs' vehicle was pushed a

distance of three-quarters of the intersection. As a result of the impact the following damage was caused to plaintiffs' car: Transmission mounts were torn loose; the floor board buckled; the seats were torn loose; and the rear end was caved in.

Counsel for defendants emphasized the fact that the plaintiff did not bump any part of her body, did not bump her head or neck in any way, and that her abdomen did not touch the steering wheel, although she was within ten inches of it. These facts are explained by the testimony of the plaintiff Anna Ash and the testimony of Officer Long. Anna Ash testified to the effect that before the impact occurred she heard a terrible screech and then was hit. She stated to Officer Long that she heard a squeal of brakes, looked back and saw a Chevrolet skidding toward her. Her car was then struck and shoved into the intersection. The above facts clearly explain why the plaintiff's abdomen did not strike the steering wheel.

We conclude that there is credible evidence to sustain the award of damages by the jury to the plaintiff.

The defendants contend the trial court erred in its rulings on the medical expense and such error reflected itself in the damage award to the plaintiff Anna E. Ash. The specific contention is that the trial court allowed the introduction of the entire bill of Dr. E. J. Nordby and the entire prescription bills into evidence which related at least in part to the treatment of the lower back and by inference indicated to the jury that the trial court considered the low back problems related to the accident. We find no merit to defendants' argument.

Plaintiff Anna E. Ash testified that the back complaints were not a result of the accident and that she was not making any claim for damages for injury to her lower back. The trial court told the jury in several places in his instructions that damages could be awarded only for natural consequences of injuries sustained as a

result of the accident in question. Defendants' counsel did not request any further instructions nor did he claim error in regard to the instructions or lack thereof on motions after verdict. One cannot claim error for this for the first time on appeal. See *Springen v. Ager Plumbing & Heating, Inc.* (1963), 19 Wis. (2d) 487, 493, 120 N. W. (2d) 692.

In support of their contention defendants cite *Smee v. Checker Cab Co.* (1957), 1 Wis. (2d) 202, 206, 83 N. W. (2d) 492.

In that case the court did not allow the hospital bill because there was no breakdown between what charges resulted from the accident and what charges were due to abdominal pains. We believe this case can be distinguished. In the instant case the problem is one of separating the charges for the neck problem from those relating to the low back. Doctor Nordby testified that the examinations were primarily for the neck problem. He stated in regard to the May 27, 1965 "Examination back and neck" that out of the $25 bill, perhaps "$5 or so" might be attributable to the low back. He also testified that he thought that only the X ray was specifically attributable to the low back and that much of the same medication was used to treat both the neck and the back.

Counsel for defendants did not object to the receipt of the doctor bill nor did he object to the drug bill going to the jury. Counsel refused to stipulate but did not enter a formal objection.

Defendants contend that plaintiffs' rebuttal argument was prejudicial in that it violated the rule stated in *Affett v. Milwaukee & Suburban Transport Corp.* (1960), 11 Wis. (2d) 604, 106 N. W. (2d) 274, where the court held it to be prejudicial to use a mathematical formula to measure damages when arguing to the jury.

In the instant case defendants' counsel stated $1,200 was a reasonable figure for plaintiff Anna Ash's injuries. Plaintiffs' counsel wrote $1,200 on a blackboard

and then wrote the figure 47 (representing Anna Ash's life expectancy) and then multiplied it by 365 to get the figure of 17,155 days. At that point the trial judge requested that plaintiffs' counsel move into a different argument, which counsel did. Defendants did not move for mistrial on the basis of this alleged misuse of the blackboard. In *Zweifel v. Milwaukee Automobile Mut. Ins. Co.* (1965), 28 Wis. (2d) 249, 256, 137 N. W. (2d) 6, this court held that if particular arguments were thought improper, it was incumbent upon counsel to move for a mistrial before the jury returned its verdict or else the complaint was deemed waived.

With respect to the special question raised in respondents' brief as to whether appellants' brief contains material distortions, misrepresentations, and omissions so as to entitle respondents to double cost, we do not believe the errors were material or intentional so as to warrant an assessment of double cost.

*By the Court.*—Judgment affirmed.