BARBER, Respondent, v. CITY OF OSHKOSH, Appellant.*

*June 8—June 30, 1967.*

\* Motion for rehearing denied, with costs, on September 11, 1967.

For the appellant there was a brief by *Klueter, Larson & MacKenzie* of Wausau, and oral argument by *H. R. Klueter*.

For the respondent there was a brief by *Thompson, Thompson & Grant* of Oshkosh, and oral argument by *Andrew C. Thompson*.

WILKIE, J. The sole issue presented on this appeal is whether, as a matter of law, the apportionment of negligence to the defendant city is greater than the negligence of the plaintiff.

We think not. Both parties admit negligence, the plaintiff because of her failure to make an efficient

observation; the defendant, because of the hazardous condition the city allowed to exist. It was a bright clear day and the stones would have been perfectly apparent to plaintiff had she looked or paid attention to where she was walking. Yet, the hazardous condition had existed for more than two weeks, and the city's precautions in cleaning the stones from the sidewalk were inadequate. The custodian testified that he swept the walk only when he was not too pressed for time.

In our opinion this is a case where credible evidence exists to support the jury's apportionment of negligence. Admittedly, the case is close and had we been members of the jury we might have allocated the negligence otherwise. But we have repeatedly held that ordinarily apportionment of negligence is for the jury.[1] The general rule is that a jury's findings as to negligence apportionment will be sustained if there is any credible evidence that, under any reasonable view, supports such findings.[2]

This is not such an unusual case that in view of the entire record the trial court was entitled to disturb the apportionment. The trial court was incorrect in holding that defendant city, as a matter of law, was more negligent than the plaintiff. Because of that error the order for a new trial must be set aside and the verdict reinstated.

*By the Court.*—Order reversed, verdict reinstated and judgment for defendant entered on such verdict.

---

[1] *Lawver v. Park Falls*, ante, p. 308, 151 N. W. (2d) 68; *Maus v. Cook* (1961), 15 Wis. (2d) 203, 112 N. W. (2d) 589; *Mullen v. Reischl* (1960), 10 Wis. (2d) 297, 103 N. W. (2d) 49.

[2] *Maus v. Cook, supra,* footnote 1; *Wintersberger v. Pioneer Iron & Metal Co.* (1959), 6 Wis. (2d) 69, 94 N. W. (2d) 136; *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 62 N. W. (2d) 549, 63 N. W. (2d) 740.