BERG, Special Administratrix, Respondent, v. DE GREEF and another, Appellants.

*November 27—December 22, 1967.*

228

For the appellants there was a brief by *Allan & Storck* of Mayville, and by *Cohen, Parins, Cohen & Grant* of Green Bay, for Francis De Greef individually, and oral argument by *Robert E. Storck*.

For the respondent there was a brief by *Bittner, Petit-jean, Greenwood & Hinkfuss* of Green Bay, and oral argument by *Robert L. Bittner*.

CONNOR T. HANSEN, J.

(1) Was there credible evidence to support the verdict?

Defendant asserts that the negligence of the deceased driver, Roger Vanden Avond, was equal to or greater than that of defendant, Francis De Greef, as a matter of law and predicates this assertion on the premise that the Vanden Avond auto was situated so as to obstruct both lanes of travel of the highway at the time of the accident.

It is well established that a jury's findings as to negligence apportionment will be sustained if there is any credible evidence which, under any reasonable view, supports such findings. *Gustin v. Johannes* (1967), 36 Wis. 2d 195, 203, 204, 153 N. W. 2d 70; *Barber v. Oshkosh* (1967), 35 Wis. 2d 751, 754, 151 N. W. 2d 739. This is especially true where, as here, the jury's findings have been approved by the trial court. *Gustin v. Johannes, supra,* page 204; *Cheetham v. Piggly Wiggly Madison Co.* (1964), 24 Wis. 2d 286, 290, 128 N. W. 2d 400.

Also, on review, this court must accept the credible evidence most favorable to sustain the verdict. *Dickman v. Schaeffer* (1960), 10 Wis. 2d 610, 613, 103 N. W. 2d 922; *Ash v. American Family Mut. Ins. Co.* (1967), 33 Wis. 2d 592, 595, 148 N. W. 2d 58.

The facts, as contained in the record, have been carefully reviewed. Many of them are set forth in this opinion. We are well satisfied that there is ample credible evidence to support the verdict of the jury. In addition to those facts hereinbefore referred to, the defendant testified that he was familiar with the highway and had traveled it many times. There is a dispute as to the speed of defendant's car. The Wisconsin Manual for Motorists, published by the motor vehicle department, relating to stopping distances at various speeds and other pertinent information was introduced into evidence. The jury was shown photographs of the extensive damage to both cars and it also heard evidence as to the position of the cars after the accident. The jury was given an opportunity to view the scene of the accident. Also, despite allegations in the briefs and on oral argument, defendant never testified that the trees and shrubs on the side of the highway obstructed his view on the evening of the accident.

Defendant cites several cases in support of his contention that decedent's negligence was at least equal to or greater than that of defendant as a matter of law. We conclude that the cases so cited are factually distinguishable. However, in *Schroeder v. Kuntz* (1953), 263 Wis. 590, 58 N. W. 2d 445, the concurring opinion of Mr. Justice CURRIE contains the following statement:

"In the ordinary case of a moving motor vehicle colliding at night with another vehicle parked or stopped wholly or partially in the proper lane of travel of the moving vehicle, the comparison of negligence of the operators of such two vehicles presents a jury issue in which it will not be held as a matter of law that the negligence of one is at least as great as that of the other."

This concurring opinion was subsequently quoted with approval in *Christenson v. Klitzke* (1958), 2 Wis. 2d 540, 554, 555, 87 N. W. 2d 516.

(2) Return of witness Renard to scene of accident before trial.

The trial took place about four years after the accident. Gary Renard was the first person to come upon the scene of the accident. He had left Whipp's tavern about midnight and proceeded north on Highway 141. A few nights before the trial the witness and counsel for plaintiff went to the scene of the accident. The counsel parked his car approximately where the Vanden Avond car was situated four years before. The witness then drove his car in a northerly direction and based upon his sighting of counsel's car estimated that the visibility as he approached the intersection was 400 to 450 feet. The record indicates that the car driven by counsel on this occasion was white, whereas the Vanden Avond car was grey. Also the car driven by Renard at the time of the view had four headlights, whereas the one he was driving four years prior had only two headlights.

The defendant contends the trial court should have granted a new trial on the ground that when counsel for the plaintiff and Renard returned to the scene a few nights prior to the trial they conducted an experiment. Counsel for defendant, very capably, cross-examined Renard as to his credibility. Counsel for defendant then moved to strike the testimony of the witness. The court, in our opinion, very properly denied this motion and stated that it was a matter for the jury to pass upon the credibility of the witness and his testimony. After the denial of this motion, counsel then continued his cross-examination.

On redirect examination, the witness indicated that the return to the scene of the accident four years later refreshed his recollection as to the point at which, and how far from the intersection, witness saw the cars on

the night of the accident. Renard testified he was traveling 45 or 50 miles per hour as he proceeded north on Highway 141 on the night of the accident. On cross-examination he indicated he could not remember his precise speed. Regardless of the exact distance of visibility, it is undisputed that on the evening of the accident he had no difficulty in stopping after he initially observed the cars involved in the accident at the intersection.

It seems abundantly clear from reading the record that the sole purpose of this return to the scene of the accident was to refresh the recollection of the witness. Counsel for defendant was given full opportunity to cross-examine the witness and question his credibility.

The general rules relating to refreshing one's memory are stated in 98 C. J. S., *Witnesses,* p. 80, sec. 357:

"A witness who does not recollect or is not certain about matters concerning which he is called on to testify may be permitted to refresh his memory . . . .

"The refreshing of a witness' memory is a matter resting largely in the discretion of the trial court. . . .

"A witness may refresh his memory at or before the trial, in or out of court, or on, before going on, or after having been withdrawn from, the witness stand."

The cases cited by defendant seem to be inapposite, in that they involve the questions of experiment, expert testimony and persons not witnesses to the original incident in controversy.

(3) Misconduct of counsel at jury view.

The record reveals that on November 15, 1966, the jury, bailiff, reporter and court were escorted to the scene of the accident via bus. Attorneys for both parties were also present.

The record also relates portions of the closing arguments of both attorneys, made on November 16, 1966, but does not contain the portion of which defendant now complains.

The morning session on November 17, 1966, begins with the following motion:

"Mr. Storck: I want to make a motion at this time.

"Court: Go ahead.

"Mr. Storck: Yesterday in his final argument, Attorney Robert Bittner, when arguing about the light situation, made reference to the jury to the spot where his automobile was parked at the time the view of the scene was made. He argued to the jury that on the second trip north on the highway on old 141 the visibility was such that they could easily see his car as it was parked there in the spot which was approximately the spot where the De Greef car wound up after the accident. He went on to argue that in view of this it was obvious or should be obvious to the jury that the visibility was good on the night of the accident.

"I want to move for a mistrial on the ground that this is essentially planned evidence and is somewhat the same as the reconstruction that Mr. Bittner used to have testimony put in in the record by his witness about visibility.

"I move for mistrial on that ground.

"Court: That will be denied."

Since the record contains neither the transcript of the jury's visit to the scene of the accident nor the allegedly prejudicial portion of the counsel's closing argument, this motion for mistrial is the sole recorded basis upon which defendant grounds his allegation of prejudicial misconduct.

"In a large measure the conduct of an argument and the ruling upon questions raised by objection during argument must be left to the discretion of the trial court. Unless the record of the rulings of the trial court contains a showing that something unfair occurred resulting in prejudicial error, the rulings of the trial court will not be disturbed." *Hanes v. Hermsen* (1931), 205 Wis. 16, 22, 236 N. W. 646.

In *Gray v. Wisconsin Telephone Co.* (1966), 30 Wis. 2d 237, 242, 140 N. W. 2d 203, this court stated:

"This appeal will not be dismissed because of the partial transcript but our review must be limited to the record. Ordinarily when the transcript (formerly designated the bill of exceptions) does not include the testi-

mony and exhibits, our review is limited to a determination of whether the judgment is in accord with the verdict."

Although, in the case before us, counsel for defendant properly moved for mistrial before the jury returned with its verdict, as required by *Zweifel v. Milwaukee Automobile Mut. Ins. Co.* (1965), 28 Wis. 2d 249, 256, 137 N. W. 2d 6, his motion for mistrial was denied by the court, without comment.

*Nolop v. Skemp* (1959), 7 Wis. 2d 462, 466, 96 N. W. 2d 826, presented a somewhat similar allegation:

"Finally, the defendants submit that the conduct of the plaintiff's attorney was unethical, inflammatory, and prejudicial. The transcript does not support these contentions and it appears to us that at all times the trial court was in full control of his courtroom. The trial was long and was vigorously contested on both sides. The trial court approved the verdict. Since the trial court did not condemn the conduct which appellants criticize we will not do so where, as here, the printed record alone, which is all we have to go by, does not substantiate the charges."

Counsel for defendant, his brief and in oral argument, elucidates the alleged facts which give rise to his motion for a mistrial. The facts are not in the record; however, if they are as stated, they represent tactics by counsel for the plaintiff which cannot be looked upon with favor. Based upon the record before us, we cannot find that the trial court abused the discretion it possesses concerning the manner in which the jury was allowed to view the scene or in its denial of defendant's motion for a mistrial.

(4) Trial court's ruling on adverse examination.

The defendant submits that the trial court abused its discretion in refusing to allow counsel to explore certain areas during the adverse examination of Mrs. Joyce Vanden Avond Berg, widow of deceased driver.

On adverse examination prior to trial, Mrs. Berg was asked certain questions, which questions were objected to by the plaintiff's counsel. These questions were certi-

fied to the circuit court and the court for various reasons sustained the objections.

The questions pertained to the frequency of the deceased's becoming intoxicated, the arguments over his drinking habits and related matters. One question inquired as to whether she or her husband had ever started a divorce action, to which she answered, "Yes." At the trial she disclaimed any recollection of making such an answer and stated that she had never started any divorce proceedings.

We conclude that the trial court was unnecessarily restrictive in not admitting this testimony as it relates to the issue of damages for loss of society and companionship. However, in view of the fact that the jury found damages for loss of society and companionship in the amount of $1,600, we are of the opinion that the rulings of the trial court on adverse examination interrogatories was not an abuse of discretion to the extent that the defendant was thereby prejudiced.

*Kalb v. Luce* (1941), 239 Wis. 256, 260, 1 N. W. 2d 176.

"Prejudice is not to be presumed from error. It must appear. 'No judgment shall be reversed . . . for error as to any matter of pleading or procedure, unless in the opinion of the court . . . it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment.' "

In *Horlick's Malted Milk Co. v. A. Spiegel Co.* (1913), 155 Wis. 201, 144 N. W. 272, this court held that such an examination was in the nature of a cross-examination. Furthermore, it is very largely within the discretion of the trial court and will only be disturbed for clear abuse of such discretion.

In the present case, the plaintiff was twenty-two years of age at the time of the accident, the mother of two children and pregnant with a third. There was testimony that she and the decedent had common interests and therefore the award of $1,600 for loss of society and com-

panionship does not bespeak a clear abuse of discretion or such prejudice as to constitute reversible error.

We do not find in the assignments of error before us anything which would warrant disturbing the judgment entered.

*By the Court.*—Judgment affirmed.

HEFFERNAN, J., took no part.