Nora BROWNE, Plaintiff-Appellee,

v.

BARK RIVER CULVERT AND EQUIP-
MENT COMPANY, Defendant-
Appellant.

No. 17685.

United States Court of Appeals,
Seventh Circuit.

April 7, 1970.

James P. O'Neill, Milwaukee, Wis., for defendant-appellant; Arnold, Murray & O'Neill, Milwaukee, Wis., of counsel.

James J. Murphy, Milwaukee, Wis., Habush, Gillick, Habush, Davis & Murphy, Milwaukee, Wis., for plaintiff-appellee.

Before SWYGERT, Chief Judge, and DUFFY, Senior Circuit Judge and CUMMINGS, Circuit Judge.

DUFFY, Senior Circuit Judge.

This diversity suit was brought under the provisions of the Wisconsin Wrongful Death Statute, Wis.Stats. § 331.03, due to the death of Joseph Browne who was killed on June 2, 1966, at a freeway construction site in the City of Milwaukee. The plaintiff brought suit against Bark River Culvert and Equipment Company and International Harvester Company. The District Court granted a directed verdict in favor of International Harvester.

Browne was killed when the elevator of a self-loading earth-moving machine known as an E-270 Pay Scraper fell upon him as he was underneath a part of the machine attempting to make an adjustment.

The elevator weighed about five thousand pounds. It operated somewhat on the principle of a paddle wheel transporting earth which had been picked up by the cutting edge of the machine, bringing it up from the ground and to the rear of the machine where it was deposited in a pan where the earth was stored until the pan was filled. The elevator was attached at the sides of the inside of the pan. It could be raised or lowered to one of three positions as circumstances of the terrain indicated.

The machine was manufactured by the International Harvester Company (International) and, in this case, was distributed by Bark River Culvert and

Equipment Company (Bark River). At the time of the accident, the machine was being demonstrated by Bark River in an attempt to sell the machine to Ryan, Inc. (Ryan) which was the contractor on the job and was Browne's employer. The machine was a new model which had been in production only six to eight months.

Charles A. Schmitz, a salesman for Bark River, and Tony Gazzana, a mechanic employed by Bark River, acted as a two-man team promoting the sale of the machine. Gazzana's duty was to keep the machine in proper working order. It was Gazanna who brought the machine to the job site on the morning of the accident.

During most of the morning, the machine was operated by Barney Rulo, an employee of Ryan. During that period, a question arose as to whether the machine was doing an effective job or whether an adjustment of the elevator would correct the difficulty. This was discussed by Schmitz and Gazzana of Bark River, and Rulo and chief mechanic Francis Ryder of Ryan. Browne was not a party to these discussions.

After Schmitz had left the area to obtain lunch, Gazzana approached Browne and asked him to adjust the machine.[1]

Browne and Gazzana proceeded in an attempt to make an adjustment of the elevator. Rulo joined them and assisted Browne in removing bolts which held the elevator in position.

The elevator then rested upon a block of wood which had been furnished by Browne. Gazzana knew this fact when he operated the controls of the machine which caused the pan to move up and down. While doing so, the elevator slipped off the block and fell on Browne, killing him instantly.

The case was submitted to a jury upon a Special Verdict. The jury found that both plaintiff's decedent Browne and defendant Bark River were guilty of causal negligence.

Under Wisconsin's Comparative Negligence Law, the jury assessed 25% of the total negligence to plaintiff's decedent Browne, and 75% of the total negligence to defendant Bark River.

■ Under Wisconsin law, if the negligence of plaintiff's decedent was not as great as that of the party against whom recovery was sought, the plaintiff may recover, but any damages allowed would be diminished in the proportion of the amount of the negligence attributable to the person recovering. Wis. Stats., § 895.045.

■ It is well settled Wisconsin law that the apportionment of negligence is for the jury and that the jury's apportionment of negligence will not be upset except in "unusual cases." Barber v. City of Oshkosh, 35 Wis.2d 751, 151 N.W.2d 739, 741 (1967).

The pertinent general rule was stated in Olson v. Milwaukee Auto. Ins. Co., 266 Wis. 106, 62 N.W.2d 549, 551 (1954): "It is the well recognized rule that when a jury's findings are attacked, particularly when they have had the trial court's approval, our inquiry is limited to the issue whether there is any credible evidence that, under any reasonable view, supports such findings." See Berg v. De Greef, 37 Wis.2d 226, 155 N.W.2d 7, 9 (1967).

Browne had been employed by Ryan for about ten days. He had had previous experience as the operator of earthmoving equipment. However, he had had no experience in adjusting elevators of the new E–270 Pay Scraper.

Rulo also was unfamiliar with the machine and had had no previous experience in the adjustment of elevators in an earth-moving machine of this kind.

---

1. A slightly different statement was given by Gazzana at his adverse examination. However, at the trial, he testified "I asked him if he was the one that was going to help make these adjustments."

**6**

On the other hand, a day or two before the accident, Gazzana had attended a class in Milwaukee concerning the operation and maintenance of this kind of an earth-moving machine. Gazzana also attended a similar class conducted at a different job site where the machine was being demonstrated to another prospective purchaser.

The record also shows that Gazzana knew that with the bolts removed, all that held up the elevator was the block of wood upon which it was resting.

It was further established that Gazzana operated the controls which caused the pan and elevator to move up and down. He was operating the controls when the elevator fell causing Browne's death.

Gazzana testified he told Rulo that if an adjustment were necessary the elevator should be suspended from the top by the use of a crane. Rulo denied any such statement had been made. Of course, this conflict was for the jury to determine.

■ Bark River, through its employees Gazzana and Schmitz, were promoting the sale of its product to the employer of the deceased. Under Wisconsin law, the trial court properly instructed the jury that it was the seller's duty, in the exercise of reasonable care, to give adequate warning of the dangers involved in using the machine.

We cannot say the negligence of plaintiff's decedent, Joseph Browne, as a matter of law, equalled or exceeded any negligence on the part of defendant's employees.

■ We think the finding of the jury apportioning the negligence in this case is supported by credible evidence in the record. Such apportionment has been approved by the trial judge.

The judgment of the District Court is

Affirmed.