HIKADE, by Guardian *ad litem,* and others, Appellants, v. ERNST and another, Respondents.

No. 170. *Argued September 8, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 133.)

For the appellants there was a brief and oral argument by *Bernard J. Lepgold* and *Santo J. Ferris,* both of Milwaukee.

For the respondents there was a brief and oral argument by *Thomas J. Regan* of Milwaukee.

HANLEY, J.   The sole issue presented on this appeal is whether there is credible evidence to support the finding of the jury.

An analysis of the evidence reveals that the jury was justified in believing that Hikade was speeding. Dallgas testified that Hikade was traveling at 60 miles per hour after hitting the Ernst vehicle. Pictures showing the damages to each of the cars were introduced into evidence and support the finding of speed. The jury is entitled to draw legitimate inferences from physical facts. *Vogel v. Vetting* (1953), 265 Wis. 19, 60 N. W. 2d 399. Obviously, the jury did not accept Hikade's testimony that he was driving at 30 to 35 miles per hour before hitting the Ernst vehicle, in light of the further evidence that he applied his brakes as hard as he could, yet still managed to travel an additional 80 to 90 feet to strike Dallgas' car with sufficient force to shove it backwards across Lisbon Road and completely destroy the front ends of both cars. We think the jury could well have concluded that the excessive speed at which Hikade was traveling was the principal and predominant cause of this accident and could well have apportioned his negligence at 70 percent.

Under the well-established principles of this court, appellant Hikade undertakes a heavy burden on this appeal. He must recognize that generally the apportionment of negligence is for the jury. *Western Casualty & Surety Co. v. De Smidt* (1971), 50 Wis. 2d 672, 184 N. W. 2d 848. If there is any credible evidence which supports the jury's finding, it will be upheld. *Neider v. Spoehr* (1969), 41 Wis. 2d 610, 165 N. W. 2d 171. This is especially true when the verdict has the approval of the trial court. *Berg v. De Greef* (1967), 37 Wis. 2d 226, 155 N. W. 2d 7. On review, this court views the evi-

dence most favorable to the verdict. *Stevens v. Farmers Mut. Automobile Ins. Co.* (1954), 268 Wis. 25, 66 N. W. 2d 668. Appellant places great reliance upon *Guptill v. Roemer* (1955), 269 Wis. 12, 19, 68 N. W. 2d 579, 69 N. W. 2d 571, wherein the court stated:

"We might observe that the case at bar is one of three appeals decided by us on this assignment involving motor-vehicle-accident cases in which a driver attempted, as did plaintiff Guptill, to make a left turn in the path of an oncoming vehicle under circumstances where a collision was certain to ensue if the latter vehicle continued in its same lane of travel and at its same speed. It is difficult for us to understand how a conscientious jury under such circumstances could attribute the smaller percentage of negligence to the driver making the left turn whose act precipitated the situation resulting in the collision. . . ."

Appellant's reliance on that statement is misplaced. In *Pucci v. Rausch* (1971), 51 Wis. 2d 513, 516, 187 N. W. 2d 138, this court said:

"*Guptill v. Roemer* (1955), 269 Wis. 12, 68 N. W. 2d 579, 69 N. W. 2d 571, is not authority for the proposition that every driver who makes a left turn which precipitates a situation which results in a collision is guilty of negligence in a greater degree than the other driver. In *Grana v. Summerford* (1961), 12 Wis. 2d 517, 521, 107 N. W. 2d 463, this court rejected the contention that making a left turn across the path of an approaching car would constitute at least 50 percent negligence as a matter of law, choosing instead to decide such cases on their individual facts. If the jury accepted Rausch's version, no doubt Mrs. Pucci would be more negligent than Rausch in making a left turn 50 feet in front of him, but the jury did not accept his version of the accident."

We conclude that there is ample credible evidence to support the jury's verdict, and the trial court properly denied plaintiffs' motions after verdict.

*By the Court.*—Judgment and order affirmed.