LEIBL, by Melvin W. Stehr, Executor of the Estate of Joseph Leibl, and another, Respondent, v. ST. MARY'S HOSPITAL OF MILWAUKEE and others, Appellants.

*No. 156. Submitted under sec. (Rule) 251.54 January 5, 1973.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 715.)

For the appellants the cause was submitted on the briefs of *Merten, Connell & Sisolak* of Milwaukee.

For the respondents the cause was submitted on the brief of *Habush, Gillick, Habush, Davis & Murphy* of Milwaukee.

CONNOR T. HANSEN, J.   On this appeal, the defendants raise a considerable number of issues. We have given each of them consideration. However, viewing the conflicting evidence most favorable to the plaintiffs, as we must on this appeal, we cannot hold that Leibl's negligence as a matter of law is equal to, or exceeds, that of

the defendants.[1] Since we must affirm the jury's apportionment of negligence, many of the issues raised by the defendants, in our opinion, are of no precedential value; therefore, we here consider only those issues we deem significant.

Defendants contend the conduct of the trial judge deprived them of a fair trial. Our attention is directed to several such instances, none of which we consider to be prejudicial to the cause of the defendants. The record reflects that in some of the instances, counsel entered objections; at other times no objections were made. However, the issues were presented in motions after verdict.

Important, however, is that as to alleged errors of judicial conduct as well as to other alleged errors, although timely objection was made by trial counsel, in no instance during the trial did counsel make a motion for mistrial. In *Carlson v. Drews of Hales Corners, Inc.* (1970), 48 Wis. 2d 408, 419, 180 N. W. 2d 546, this court stated:

". . . only if judicial conduct is serious enough to call for a trial court motion for mistrial will we consider such conduct on appeal."

Defendants also contend that the argument of plaintiffs' counsel to the jury concerning damages was improper and prejudicial. The argument went to the amount of damages to which the jury should consider the estate of Leibl entitled to recover for the injuries sustained. It referred to the fifteen days the deceased survived the incident and contained such statements as: "There isn't one of us, not a man alive, who would undergo that for a hundred thousand dollars." Ultimately, the argument suggested a minimum amount of $10,000. The jury returned a verdict of $15,000. We cer-

[1] *Hikade v. Ernst* (1971), 52 Wis. 2d 276, 279, 190 N. W. 2d 133; *Berg v. De Greef* (1967), 37 Wis. 2d 226, 231, 155 N. W. 2d 7.

tainly do not approve of the tenor of the argument advanced by plaintiffs' counsel.

We identify this alleged error to afford us an opportunity to again refer to the matter of a trial court motion for mistrial. No such motion was made in this case and it is not to be inferred that this case would command reversal had such a motion been made. While timely objection is necessary to preserve the error, and motions after verdict are generally considered to be a prerequisite to appeal, such procedure does not necessarily constitute a basis for reversal. As a matter of procedure, counsel cannot simply interpose an objection, then remain silent and be heard to complain only after an adverse verdict has been returned.

In *Kink v. Combs* (1965), 28 Wis. 2d 65, 72, 135 N. W. 2d 789, this court held:

". . . By failing to move for a mistrial at that time defendant waived his right to assert prejudice later. . . .

"In the instant case the defendant, if he felt aggrieved, should have moved for mistrial at the close of the plaintiffs' case. . . .

"Failure to make a timely motion can only be construed as an election to rely on the possibility of a favorable jury verdict. . . ." [2]

Viewing the record in its entirety, we find no prejudicial error of substantive law, procedure or admission of evidence as to the issue of liability which would entitle the defendants to a reversal.

The jury determined that Leibl sustained damages for pain, suffering and disability in the amount of $15,000. The damages sustained by Agnes Leibl were assessed at $3,000 for loss of society and companionship and $720 for pecuniary loss. The trial court determined damages

---

[2] *See: Zweifel v. Milwaukee Automobile Mut. Ins. Co.* (1965), 28 Wis. 2d 249, 137 N. W. 2d 6.

for medical, hospital, nursing and funeral expenses at $3,953.

In respect to loss of society and companionship, the trial court instructed the jury to take into consideration the ages, health and life expectancy of the deceased; the relationship of the parties; their love and affection toward each other, and other matters in conformance with Wisconsin Jury Instructions—Civil, Part II, 1870. While it is true that Leibl was in poor health and both he and his wife were advanced in age, we do not consider the jury award of $3,000 for loss of society and companionship to be excessive. Their daughter, Ann J. Stehr, testified that she was familiar with the relationship between her father and his wife. She testified they enjoyed a good, typical, husband-wife loving relationship; they were active in a club in Florida; and they played card games together with friends.[3]

Leibl survived the incident fifteen days. He sustained injuries consisting of an open fracture of the left femur, bleeding from the mouth and nasal cavities, a fracture of the nose, a large area of ecchymosis on the left orbital region and left eyelid, respiratory distress, a dislocated shoulder, and fracture of the third, fourth and fifth left ribs. He was unconscious most of the time during the fifteen days. Even aside from common knowledge that injuries such as those sustained by Leibl would involve great discomfort, there is medical testimony that the injuries were productive of pain and that on occasion he responded to a "hand grasp" test which only a conscious person can accomplish. The nurses' notes reflect that following the July 24th incident, Leibl was con-

[3] Sec. 895.04 (4), Stats., establishes the maximum damages that may be awarded to a spouse in a wrongful death action. The figure was $3,000 at the time of the instant trial, and is now $5,000. This amount is an arbitrary maximum established by the legislature and bears no relationship to the actual amount of damages the surviving spouse sustains as a result of loss of society and companionship.

scious and uncomfortable. However, it still remains that the record reflects that he was unconscious during most of the fifteen days.

When instructing on this issue, the trial court gave Wisconsin Jury Instructions—Civil, Part II, 1755, which does not make any reference to "conscious" pain and suffering. In *Blaisdell v. Allstate Ins. Co.* (1957), 1 Wis. 2d 19, 24, 82 N. W. 2d 886, this court approved the trial court's instruction to the effect that the jury should consider such pain as the plaintiff suffered while conscious. In view of the record in the instant case, we are of the opinion it would have been more appropriate to instruct on conscious pain and suffering. The jury instructions published in Wisconsin Jury Instructions—Civil are undoubtedly of great assistance to both the trial judges and lawyers. However, they are only suggested instructions, not necessarily approved by this court, and where necessary and desirable, they should be tailored to meet the needs of the specific case.

After a review of all the pertinent evidence and the record, we consider the jury award of $15,000 for pain, suffering and disability of Leibl to be excessive. We determine from a review of the evidence relevant to this issue of damages and from the record that $10,000 is a reasonable sum to be awarded to the plaintiffs for pain, suffering and disability.

Therefore, under the precedent of *Powers v. Allstate Ins. Co.* (1960), 10 Wis. 2d 78, 102 N. W. 2d 393, as modified by *Spleas v. Milwaukee & Suburban Transport Corp.* (1963), 21 Wis. 2d 635, 124 N. W. 2d 593, this case is remanded to the trial court with instructions to enter an order for a new trial on the issue of damages only, unless within twenty days after the return of this record to the trial court the plaintiffs file a consent with the clerk and elect to take judgment based upon an award of $10,000 damages for pain and suffering. If the plaintiffs so exercise the option given, then, in lieu of an

order for new trial on the issue of damages, the trial court should enter judgment for the proper reduced amount.

*By the Court.*—Judgment reversed, and cause remanded with instructions. No costs to be taxed by either party on appeal.