SIDNEY WOVCHA, FATHER AND NATURAL GUARDIAN OF DAVIN WOVCHA, A MINOR, AND ANOTHER v. JEANETTE MATTSON.

209 N. W. 2d 422.

July 6, 1973—No. 43233.

*O'Leary, Trenti, Berger & Carey* and *T. H. Carey,* for appellant.

*Applequist, Nolan, Donovan, Larson & Mathias, Robert Mathias,* and *Robert P. Nolan,* for respondent.

Heard before Knutson, C. J., and Kelly, Murphy, and Schultz, JJ.

PER CURIAM.

Appeal from the judgment of the district court in an action by a parent on behalf of a minor son and in his own behalf against the operator of an automobile for damages resulting from an accident in which the boy was injured. It appears from the record that the 13-year-old boy, while running across a street in the middle of a residential block, was struck by an automobile driven by the defendant. The accident occurred at nighttime, while it was raining, and there was evidence that

the lights on the defendant's car were not on at the time of the accident. The jury apportioned the percentage of negligence equally between the parties. The principal contention of the plaintiffs on this appeal is that the findings of the jury are not supported by the evidence.

We have examined the record and conclude that it supports the trial court's determination that the evidence reasonably sustains the apportionment as found by the jury. We are accordingly controlled by the decision of Martin v. Bussert, 292 Minn. 29, 193 N. W. 2d 134 (1971), which held that on review of apportionment of negligence between tortfeasors we will not substitute our judgment for that of the jury where there is evidence reasonably tending to sustain the findings. See, Hikade v. Ernst, 52 Wis. 2d 276, 190 N. W. 2d 133 (1971).

Affirmed.

Mr. Justice Yetka and Mr. Justice Scott, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.